MOLLIE LAPPIN and GEORGE LAPPIN, Appellants, v. E. C. NICHOLS and NICHOLS & SHEPPARD COMPANY.

Division Two, January 4, 1915.

1. **PLEADING: Deed of Trust: Foreclosure Sale: Petition to Redeem: Nude Agreement.** Where the court set aside a deed of trust, adjudged the mortgagors to be indebted to the beneficiary, gave them until a certain time to pay the debt, and adjudged that in case of default special execution should issue, and default having occurred execution issued and the land was sold to the beneficiary, and the mortgagors bring suit to set aside the sale under the decree and ask to be permitted to redeem, an allegation that the beneficiary promised and agreed that the mortgagors would be allowed to redeem avers only a mere *nudum pactum,* without any consideration, and states no cause of action.

2. ———: ———: ———: ———: **Seizure of Crops: Motion to Make Definite.** An allegation that, after the court in December had given the mortgagors until the next June to redeem, the beneficiary named in the deed of trust, in violation of his promise that the mortgagors would be allowed to redeem, seized the crops planted in the spring before the date

of redemption and a large portion of the products of said land, thereby decreasing the mortgagors' ability to redeem, without any averment of what the products were, their value, their quality or what parts were seized, states nothing of sufficient definiteness to constitute a cause of action to redeem. In such case it is not necessary for defendant to move to have the petition made more definite, since the averment states merely a conclusion of law.

3. ———: ———: ———: ———: **Agreement to Extend Time.** An allegation, in a petition to set aside a sale under special execution in pursuance to a decree, that the time given thereby for the payment of the debt due defendant was extended and that defendant agreed to such extension, with no averment as to the length of time of such extension, nor as to whether or not the sale was made under execution prior to the expiration of such extension, states no cause of action for a redemption of the property from the effects of the sale.

.Appeal from Greene Circuit Court.—*Hon Guy D. Kirby,* Judge.

AFFIRMED.

*Wright Bros.* for appellants.

(1) Appellants claim the right to redeem, and an accounting, and the payment of the $1000 on the theory that respondents' acts were unfair, fraudulent and over-reaching. (2) Respondents agreed with appellants that they might redeem and that they might have time and opportunity to raise the money to satisfy the judgment of foreclosure. The acts of respondents of which complaint is made were designed to prevent appellants from raising the money to redeem and were fraudulent, unfair and over-reaching. (3) Respondents acted in bad faith in insisting upon the foreclosure by the sheriff when they had agreed, or led appellant to believe, the sale under the decree would not . be had. Sheridan v. Nation, 159 Mo. 40. (4) In Missouri a right to redemption exists where the sale is made under a deed of trust in the nature of a mortgage, when the *cestui qui trust* is the purchaser, but

party must give bond or notice.  No special equities need be shown.  R. S. 1909, sec. 2829; Hughes v. Winkleman, 243 Mo. 91; Potter v. Schaffer, 209 Mo. 597. (5) The right of redemption is purely a creature of statute.  R. S. 1909, sec. 2829; Hughes v. Winkleman, 243 Mo. 91.  (6) Right of redemption under the statute is merely cumulative.  Potter v. Schaffer, 209 Mo. 597.  (7) Outside the statute a court of equity will grant relief against any fraudulent advantage.  Potter v. Schaffer, 209 Mo. 598; Vanmeter v. Darrah, 115 Mo. 158.  (8) Where there is fraud, unfairness or overreaching, then appellant has right to redeem even though there has been judgment of foreclosure.  White v. Smith, 174 Mo. 186.  The proper jurisdiction of courts of equity is to take every one's act, according to conscience, and not to suffer undue advantage to be taken of the strict forms of law, or of positive rules. 1 Story's Eq. Jurisprudence, sec. 331.

*C. W. Hamlin* for respondents.

There can certainly be no doubt about the judgment which was rendered by the court between these same parties on the 19th day of April, 1902, being a final judgment.  It was not appealed from and a judgment in equity, as well as in law, is final if not appealed from.  Rodney v. Gibbs, 184 Mo. 1; Howland v. Railroad, 134 Mo. 474; State v. Wear, 145 Mo. 162. Plaintiffs' petition shows that in the suit in which judgment was rendered, on the 19th day of April, 1902, the parties, cause of action and relief demanded were, in fact, identical with the parties, cause of action and relief demanded in this case.  Therefore these appellants will not be permitted to multiply actions.  Parks v. Richardson, 35 Mo. App. 192; Tool Co. v. Spring Co., 146 Mo. App. 29; Givens v. Thompson, 110 Mo. 432; Donnell v. Wright, 147 Mo. 639; Nave v. Adams, 107 Mo. 414.

ROY, C.—This is a proceeding to set aside a foreclosure sale of land under a deed of trust, and to redeem. A demurrer to the petition was sustained. The plaintiffs declined to further plead and their bill was dismissed.

The suit was begun April 22, 1910. The amended petition stated that the plaintiff, Mollie Lappin, is the owner of three hundred and twenty acres of land therein described; that on March 17, 1900, plaintiffs executed deeds of trust on the land as follows: To R. W. Sprague for $5760; to Jerome Dickerson for $576; to A. B. Crawford for $1000; that the latter deed of trust was procured by Crawford by fraud and duress. That on July 14, 1900, plaintiffs executed a deed of trust on the land to the defendant Nichols & Sheppard Company for $2175; that the defendants fraudulently, and for the purpose of cheating plaintiffs out of said land, procured it to be sold under the last-mentioned deed of trust on March 23, 1901, at the unusual hour of nine in the forenoon, in the absence of plaintiffs; and that the defendant E. C. Nichols became the purchaser at that sale at the grossly inadequate price of $100, and received the trustee's deed therefor.

That on January 31, 1901, they instituted suit against said Crawford to set aside the deed of trust held by him, resulting in a decree setting it aside, which was affirmed by this court June 8, 1909 (Lappin v. Crawford, 221 Mo. 380); that the defendants employed counsel who helped prosecute said case, and that defendants agreed that plaintiffs should be allowed to redeem said land.

That on December 12, 1901, the plaintiffs instituted suit against these defendants to set aside said sale of the land and to redeem; that the court set aside the sale and adjudged the sum of $2004.11 to the defendants as the balance due on said debt, gave plaintiffs until June 7, 1902, to redeem by the payment of the amount adjudged to be due, and adjudged that in

default of such payment a special execution should issue for the debt; that during the existence of said deed of trust the plaintiffs were required by defendants to surrender to the defendants a large portion of the products of said farm; that in the spring of 1902 plaintiffs planted large crops on the land under an agreement with defendants that plaintiffs should use said crops in the payment of said indebtedness.

That during the year 1901 defendants took from plaintiffs all the crops raised during that year for the fraudulent purpose of preventing the plaintiffs from redeeming said land.

That on the —— day of ——, 1902, the court extended the time for redeeming the land, in order that the plaintiffs might mature the crops of that year, and that the defendants understood the purpose of such extension and that the plaintiffs should have such further extension to enable them to raise the means to redeem the land.

That the total indebtedness against the land on April 19, 1902, including the Crawford deed of trust, was $9340.11, and that the land was then worth $14,000, and is now worth $25,000. That defendants caused the land to be sold on August 12, 1902, under special execution issued on said decree of foreclosure, and defendant E. C. Nichols became the purchaser and received the sheriff's deed therefor, and that thereupon defendants took possession of the land and have had such possession ever since, receiving the rents and profits.

That defendants, knowing the Crawford deed of trust was void and that plaintiffs could not raise the money to redeem said land, wrongfully proceeded to foreclose the land as aforesaid; and that defendants seized a large portion of the crops raised on said farm in 1902, and thereby increased plaintiff's disability to pay said indebtedness.

There is a prayer for judgment for the $1000, the amount of the Crawford note, and the interest thereon, and for a decree that they be allowed to redeem, and for an accounting for the rents and profits.

The demurrer was based on the grounds that the petition did not state a cause of action, that the same cause of action, as shown by the petition, had been adjudicated in the previous suit, and that from the facts alleged in the petition the plaintiffs were guilty of laches.

I.   The petition in this case is very long.  We considered it our duty to condense it as much as possible **Petition.** consistent with an understanding of its meaning.  As we construe it, the relief sought is, not to set aside the former decree of foreclosure, but to simply set aside the sale under that decree, and to be permitted to redeem.  It seeks also the recovery of $1000, the amount of the Crawford debt, with the interest thereon.

II.   There are no facts stated in the petition justifying a recovery of the $1000 item.   All parties herein were interested in getting rid of that deed of trust, and all united in prosecuting the suit to annul it.  But there are no facts stated in the petition which would justify a judgment in favor of the plaintiffs for that item.

III.   There are no facts stated in the petition justifying setting aside the sale made under the special **Setting Aside Sale.** execution.  There is an allegation that defendants promised and agreed that plaintiffs should be allowed to redeem the land.  That was a mere *nudum pactum,* and no consideration is alleged.  Again, it is alleged that defendants seized a large portion of the products of said lands, thereby increasing plaintiffs' dis-

ability to redeem the land. There is no aver-ment as to what the products were, their value, or what part the defendants seized. The defendants should be informed by the petition as to the value of such products thus seized in order to .determine wheth-er their seizure materially decreased the ability of plaintiffs to pay. Instead of the fact as to such value, the averment is that of the mere conclusion that the plaintiffs were rendered less able to pay. The situa-tion is strikingly similar to that in Mallinckrodt Chem-ical Works v. Nemnich, 169 Mo. 388, where it was held that in such a case it is not necessary for the defend-ants to move to have the petition made more definite, but that a primary duty rests on the party drawing the pleading to express his meaning clearly. [See also Vogeler v. Punch, 205 Mo. 558.] There is an aver-ment in the petition that the time originally given by the decree for the payment of the amount due defend-ants was extended, and that the defendants agreed to such extension. There is no allegation as to the length of the time of such extension, nor as to whether the sale was made under execution prior to the expiration of such extension.

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.