J. W. PHILLIPS, RESPONDENT, v. MILTON THOMPSON, APPELLANT.—
35 S. W. (2d) 382.

Kansas City Court of Appeals.   February 16, 1931.

*Burns Strader* for respondent.

*J. Allen Prewitt* for appellant.

BOYER, C.—This is an action to recover the hire of a rock crusher. Plaintiff had judgment for $325. Defendant duly appealed and claims, among other alleged errors, that plaintiff recovered upon a theory and cause of action other than that stated in the petition; that the case was improperly submitted upon instructions given; that defendant's instructions were erroneously refused; and that the court erred in admitting incompetent evidence.

For a proper understanding of the case and of some of the questions raised we deem it advisable to set forth the petition, the substance of the answer, and the main instructions submitting the case to the jury. The petition is as follows:

"Plaintiff states that at all times hereinafter mentioned he was and now is the owner of a certain rock crusher, which the plaintiff was accustomed to hire to persons desiring the use thereof at a monthly rental of fifty dollars per month; that on the 13th day of November, 1926, the defendant hired and employed said rock crushed for use upon his premises and from that date forward to the 21st day of July, 1927, or a period of seven and one-half months, retained and used said rock crusher, returning the same to the plaintiff on or about the date last above set forth.

"Plaintiff further states that at the time said rock crusher was hired by the defendant he was informed by the plaintiff that the price and rate for the use thereof was fifty dollars per month, and that he would be charged said amount for its use during the period the same was in defendant's possession.

"Plaintiff further states that the rate of fifty dollars per month for the use and rental of said machine was a fair and reasonable rate and charge, that by reason of the premises plaintiff became entitled to receive from defendant as rental for the period above mentioned the total sum of three hundred and seventy-five dollars, payment whereof was by plaintiff duly demanded of defendant, but that the defendant has failed and refused to pay the same.

"Wherefore, plaintiff prays judgment against defendant for the said sum of three hundred and seventy-five dollars and for his costs."

The answer was a general denial, and defendant further answered that on or about November 13, 1926, he did hire or rent from plaintiff a rock crusher and engine and agreed to pay for the use and rent thereof the sum of $5 per day for the time said rock crusher and engine were actually used by defendant, and that plaintiff agreed to accept said sum as pay therefor; that plaintiff warranted said engine to be in good repair and amply sufficient to operate said crusher;

that the crusher and engine were delivered to defendant; that the engine was out of repair and wholly unfit for use in the operation of said crusher, and that defendant was compelled to and did use his own engine in operating it to his damage in the sum of $50, and that said sum is the reasonable amount to which defendant is entitled under said contract by reason of plaintiff's failure to repair said engine; that defendant actually used said crusher for a period of sixteen and one-half days; that he then offered to return it, but plaintiff informed him to retain it until it was called for; that the crusher was later returned to plaintiff and defendant tendered the full amount for the use of same which plaintiff declined; that thereafter the amount of rent being in dispute, defendant tendered plaintiff $100 before suit, and after suit defendant again tendered to plaintiff the sum of $100 with all costs which was declined; and the answer further states:

"That said defendant hereby in open court tenders to said plaintiff and pays in currency to the clerk of this court for plaintiff's benefit the said sum of $100 in full settlement of plaintiff's said claim. Defendant further states that the actual sum due said plaintiff under the terms of the contract aforesaid between plaintiff and defendant is $82.50 less the sum of $50 which is a just and reasonable amount to which defendant is entitled as damages aforesaid."

The reply was a general denial.

Immediately preceding the trial the record shows the following:

"Now defendant by leave of court makes tender in open court of $160 and costs of $20, making total of $180."

The case proceeded to trial and resulted in a verdict for plaintiff in the sum of $325.

There is evidence of the following facts: About November 13, 1926, plaintiff was the owner of a rock crusher. Defendant was the owner of a large tract of land upon which he desired to use a rock crusher; he wished to buy or rent one for that purpose and instructed his foreman to either buy or hire a rock crusher from plaintiff; that about the date named, defendant's foreman obtained from plaintiff a rock crusher together with an engine which were retained in defendant's possession until about the 21st day of June, 1927, when they were returned to the plaintiff. Defendant's foreman attempted to buy the crusher but he and plaintiff could not agree upon the price, but the foreman took the crusher and engine with the understanding that defendant would buy it or pay rent. The controverted facts in evidence arise over the terms of hiring. Plaintiff's evidence tends to show that he stated to defendant's foreman that the rent would be $50 per month, "to start when he got it and stop when he returned it." The name of defendant's foreman was Duncan. Plaintiff testified in reference to the conversation about the rental of the crusher in these words: "He did

not mention the engine. He mentioned the crusher. He asked me if I still owned the crusher and I told him I did and he said: 'Mr. Thompson will buy that crusher from you.' I said I had talked to Mr. Thompson several times about it and he always wanted to trade second handed mules, and I said: 'I will sell it to Mr. Thompson if he wants to buy it.' 'Well' he said, 'I will hire the crusher then. I think Mr. Thompson will buy it if you get it there on the place.' and I said: 'I would rather rent it than to sell it but then either way. It is for sale and I priced it to Mr. Thompson and if he rents the crusher—if he buys it later the rental price will apply on the price of the crusher whatever time he has it.' " Plaintiff offered to sell the crusher for $500 and later offered to accept $400 from defendant and defendant keep the crusher. The crusher was an old one and had been in use some twelve or thirteen years.

Plaintiff further testified that when Mr. Duncan asked for the crusher he said that Mr. Thompson would buy it: that he had a conversation with defendant in January, and later in March, when the reduction in purchase price was made. Plaintiff never demanded payment of any rent until shortly before suit. He said: "I had no right until I found out he wasn't going to buy it." That Mr. Thompson said in January: "I will either buy it or pay you rent on it." Plaintiff further testified in answer to a question whether anything at all was said about $50 per month: "I told Mr. Duncan that was the price I would charge for the crusher. Mr. Duncan didn't say a word one way or other." This was at the time he actually rented it, and "he never did mention a price that he wanted to make." "That was the price I made Mr. Duncan, $50 a month as long as he used it. That is the only price I have made or mentioned. This is the only price ever made. Mr. Duncan never said a word about the price. He said he would pay for it if he didn't buy it and I told him I would rather rent it than to sell it." There is no evidence that defendant or his foreman at any time agreed to pay $50 a month rental for the time the machine was in possession of defendant.

The evidence shows that defendant actually used the crusher only sixteen and one-half days, although it remained in his possession from November 13, 1926, to June 21, 1927. The evidence also shows that the engine which was delivered to defendant together with the crusher was not used by defendant because it was insufficient in power and working condition to operate the crusher, and defendant used his own engine for power while the crusher was in use. The testimony of defendant's foreman was that he hired the crusher and engine for $5 a day for the time it was in use; that he and plaintiff agreed on $5 a day; that he never saw plaintiff any more until the day the crusher was returned to him; that he then asked

plaintiff: "How much do we owe you for the use of it?" That plaintiff seemed to be all in a flutter and said: "I want $400 or $50 a month from the time you got it." But he further said: "1 don't believe Mr. Thompson is a man that would stand to be held up. You can give me $200 for the use of the crusher or you can give me $400 and keep it." There was never anything said about $50 a month until the day the crusher was sent home.

The case was submitted to the jury upon an instruction requested by plaintiff, and other instructions given by the court of its own motion. The instruction requested and given for plaintiff is marked P-1, and reads as follows:

"The court instructs the jury that if you find and believe from the evidence that on or about the 13th day of November, 1926, the defendant hired from the plaintiff the rock crusher and engine described in evidence, and if you further find and believe that under the terms of said hiring it was agreed that defendant was to pay the plaintiff for use thereof the sum of fifty dollars per month during the time said crusher and engine remained in defendant's possession, and if you further find and believe that at the time of the delivery of said crusher and engine to defendant by the plaintiff they were in good condition to perform the work intended by defendant to be done by said machinery, then you are instructed that the plaintiff is entitled to recover of and from the defendant the rental of said crusher and engine at the rate of fifty dollars per month from the date of the delivery of said machinery to the defendant until such date as from the evidence you may find and believe the defendant returned the said crusher and engine to the plaintiff."

One of the instructions given by the court of its own motion, marked C-1, reads as follows:

"The court instructs the jury that if you find and believe from the evidence that on or about the 13th day of November, 1926, the defendant hired from the plaintiff the rock crusher and engine described in evidence, and if you further find and believe from the evidence that plaintiff agreed with defendant to have the engine put in good repair and made amply sufficient to operate said crusher and that it was agreed between plaintiff and defendant that defendant should pay plaintiff for the use of said engine and crusher the sum of $50 per month during the time said crusher and engine remained in defendant's possession, if so; and if you further find and believe from the evidence that said engine was not in good repair or sufficient to operate said crusher, and if you further believe from the evidence that defendant retained possession of said engine and crusher until the 21st day of June, 1927, then you are instructed plaintiff is entitled to recover of and from the defendant the rental of said crusher and engine at the rate of $50 per month

from the date of the delivery of said crusher and engine to defendant until the date the same was returned by defendant to plaintiff's possession, less any sum the jury may find from the evidence defendant was damaged by reason of the insufficiency of said engine, if so, not to exceed $50.''

## OPINION.

Complaint is made of all the instructions, and primarily of instructions P-1 and C-1, which are said to submit the case to the jury upon the theory of an express contract to pay $50 per month which is not the theory of the petition; and also because said instructions are not based upon the cause of action alleged in the petition, but upon a different and another cause of action, and are broader than the allegations of the petition. In short, it is appellant's contention that plaintiff sued upon one cause of action and recovered on another. Obviously the contention is sound. Neither Instruction P-1 nor Instruction C-1 was authorized or permissible under the theory of the cause ·of action pleaded in the petition. Plaintiff insists that the case was tried on the theory of an express contract between the parties for the payment of $50 per month for the period the machinery was retained by the defendant. From our view of the petition it does not state a cause of action upon an express contract. We can arrive at the cause of action alleged only by an examination of the entire petition and by giving effect to the usual and ordinary meaning of the language and terms employed. Considering all of the statements in the petition we cannot say that the cause of action alleged is based upon an express contract. It is nowhere stated that defendant agreed to pay $50 per month for the use of the machine during the period it was in his possession, nor is there a statement of facts from which an inference would arise that defendant so agreed, without such inference being in conflict with the purport and meaning of other statements in the petition. The mere statement that plaintiff informed defendant that the price would be $50 per month is not a charge that defendant agreed to such price, and especially is this true in view of the further allegation that the rate of $50 per month is a fair and reasonable charge and by reason thereof plaintiff is entitled to recover $375. We think the latter statement gives color and character to the cause of action alleged, which is for the recovery of a fair and reasonable compensation for the use of the property hired by defendant. The case as stated rests upon an implied promise to pay a fair rental and not upon an express promise to pay a fixed charge. Such being the case alleged, the main question for the jury to answer was what amount would be a fair and reasonable charge. No such question was presented to the jury and for this reason we think the case was improperly submitted. It is fundamental

that instructions submitting plaintiff's case must be in accord with the theory of the petition. Plaintiff cannot sue on one cause of action and recover on another and different cause of action. [State ex rel. v. Ellison, 270 Mo. 645. 653 : Degonia v. Railroad Co., 224 Mo. 564, 588, et seq.; Bay v. Wank, 215 Mo. App. 153; Tucker v. Hibernian Bank & Trust Co., 212 Mo. App. 88, 102.]

Another observation may be made of a difference in the cause of action stated in the petition and the case submitted to the jury by the instruction. The petition merely seeks recovery for the hire of a rock crusher. Nothing is said about an engine or other machinery which was hired by the defendant. The instructions submitted a case for the hire of both a rock crusher and engine. In view of the petition we think it entirely incompetent for the jury to determine that defendant agreed to pay $50 per month for the use of a rock crusher and engine. The prime question under the petition was the amount due plaintiff as a reasonable charge or rental for the rock crusher alone. From what is said it necessarily results that the judgment should be reversed and the case remanded.

Other points raised by appellant are of little importance in view of a retrial. However, we observe that defendant's offered Instructions D-1 and D-2 were properly refused because both of them refer the jury to "the. contract set out in plaintiff's petition." The petition was not in evidence. It is improper to refer the jury to the pleadings for any fact or issue or information in the case. [Kuhlman v. Water, Light & Transit Co.. 307 Mo. 607, 643; Lally v. Morris, 26 S. W. (2d) 52, 56.] It is the province of the jury to determine questions of fact arising upon issues made by the pleadings and supported by evidence adduced in the case.

Appellant complains that incompetent evidence was erroneously admitted. Plaintiff and other witnesses gave testimony to the effect that at the time defendant received the crusher plaintiff could have obtained rental of $50 per month upon it from another person, and also after the crusher was returned that plaintiff did thereafter receive $50 per month rental from another person. Such evidence was irrelevant, and upon timely and proper objection it should have been excluded. We find. however, that before defendant made objection to such evidence that testimony of similar import had been admitted without objection. Under such circumstances appellant will not be heard to complain. [Buffum v. Woolworth, 221 Mo. App. 345, 352.]

For the reasons stated the case was erroneously submitted to the jury. Under the circumstances there is no doubt that defendant is entitled to a new trial and this court is authorized to award it to him. The judgment should be reversed and the case remanded.

The Commissioner so recommends. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion by BOYER, C., is adopted as the opinion of the court. The judgment is reversed and the case remanded. All concur, except *Trimble, P. J.,* absent.