LAWRENCE W. CLARDY, APPELLANT, v. KANSAS CITY PUBLIC SERVICE Co., RESPONDENT.—42 S. W. (2d) 370.

Kansas City Court of Appeals. June 15, 1931.

. *Kelly, Bucholz & O'Donnell* and *Bert S. Kimbrell* for appellant.

*Charles L. Carr, Watson, Gage, Ess, Groner & Barnett* for respondent.

CAMPBELL, C.—Plaintiff brought suit to recover damages for personal injuries and recovered judgment. Defendant timely filed motion for new trial which was sustained "on account of errors in instruction 1." Plaintiff has appealed.

It is disclosed by the record that plaintiff's statement of the allegations of the petition is correct, and we therefore adopt pertinent parts thereof which read:

"That 8th street running east and west and Walnut street running north and south were open, public and much traveled streets within Kansas City, Missouri; that the respondent, Kansas City Public Service Company owned, operated and controlled over East 8th street and over and across Walnut street a double track system of street railway; that on either side of 8th street was a sidewalk running east and west and that on either side of Walnut street was a sidewalk running north and south, . . . there existed holes and depressions in Eighth street west of Walnut street; . . . that said holes and depressions extend north and south between the rails of the south or eastbound track, between the rails of the north or westbound track and between the south rail of the north and westbound track and the north rail of the south or eastbound track of the defendant, Kansas City Public Service Company, were from six (6) to eight (8) inches deep; . . . that by reason of the existence of said holes and depressions in said street at said point said street was not reasonably safe for the use of public and pedestrians passing along and over the same; . . . that there was in full force and effect an ordinance of Kansas City, Missouri, said ordinance being No. 54217 and that by section 23 of said ordinance it was provided that the company shall pave and keep constantly in good condition and repair, the street between its tracks and between the rails thereof and for eighteen inches beyond each outer rail and shall repave the same when necessary; . . . that the respondent negligently allowed and permitted said holes and depressions to be and

remain in said street at said point and negligently maintained its tracks with said holes and depressions existing therein when it knew or by the exercise of ordinary care could have known that by reason of the existence of said holes and depressions said street was not in good condition and repair and was not reasonably safe for the use of the public in time to have filled up or removed said holes or depressions.''

The answer was a general denial and a plea of contributory negligence, the specific allegations of which, together with the averments of the reply, will be hereafter stated.

Plaintiff testified that at the time in question he walked westward across Walnut street to a point near the sidewalk at the southwest corner of the intersection of Eighth street and Walnut street, thence noth across Eighth street. ''I started north and I went four or five steps and my left foot went down in the water in a hole, just pouring down rain and that threw me over on my knee and I made another step and went with this foot down into the sog and I fell then clear over on my shoulder hit a railing or something.'' That the holes into which he fell were eighteen inches to two feet east of the building line.

Extending westward from the intersection the defendant's tracks are upon a viaduct, the exact point of beginning not being clearly shown. Plaintiff said, ''the viaduct starts there in the street and goes out over Main . . . I don't know where the viaduct was supposed to begin. If it is to begin at the building line, why they (holes) are east of where the viaduct begins . . . probably I said it was the beginning of the viaduct, but the viaduct begins too far back into the street.''

''Q. Now, are they (holes) at the beginning of the viaduct or not? A. Yes.''

There was other evidence corroborating that of plaintiff as to the location of the holes into which he fell.

Photographs of the *locus in quo* were introduced.

It appears to be conceded that the viaduct was not a part of the street intended for the use of pedestrians, and hence if the holes were located on the viaduct the plaintiff could not recover.

Plaintiff's instruction 1 is as follows:

''The court instructs the jury that it was the duty of the defendant, Kansas City Public Service Company, to pave and keep constantly in good condition and repair the streets between its tracks and between the rails thereof.

''You are instructed that the failure on the part of the defendant, Kansas City Public Service Company, to pave and keep constantly in good condition and repair the streets between its tracks and be-

tween the rails thereof constitutes negligence on its part, and if you find and believe from the evidence that the holes and depressions mentioned in the evidence were within the intersection of 8th and Walnut streets, and were within that portion of said intersection included within the extended sidewalk lines across 8th street, and on the west side of Walnut street and were between the rails of the defendant, Kansas City Public Service Company's street car tracks, and that said holes and depressions were within the portion of said street intersection much used for public travel by pedestrains, then you are instructed that it was the duty of the defendant, Kansas City Public Service Company, to exercise ordinary care to keep said portions of said intersection in good condition and repair for the use of pedestrians lawfully using said streets, either in the daytime or in the nighttime and you are further instructed that the plaintiff, as a pedestrian passing over and along the said intersection at said point, had a right to use any part thereof, provided in so doing he was in the exercise of ordinary care for his own safety.''

The first paragraph of the instruction told the jury that it was the duty of the defendant to pave and keep constantly in good condition and repair the street between its tracks and between the rails thereof.

The pleaded case is that defendant failed to exercise ordinary care to maintain the street in a reasonably safe condition. The first paragraph of the instruction, in effect, told the jury that defendant was an insurer of the safe condition of the street. This was error. Whether the error was cured by a subsequent portion of the instruction under the rule announced in the case· of Munden v. Kansas City, recently decided by this court, need not be determined, because the concluding clause of the instruction which reads, ''and you are further instructed that the plaintiff, as a pedestrian passing over and along the said intersection at said point, had a right to use any portion thereof'' was clearly erroneous. Manifestly the court told the jury that the plaintiff, as a pedestrian, had the right to pass over the place where he claimed the holes were located.

Upon the record it was not for the court to assume either that the' holes were or were not in the intersection. That question was for the jury. Plaintiff seeks to apply the rule that the court may assume the existence of a fact admitted by the pleadings and argues that the answer admits the holes were located at the place stated in the petition. The answer is as follows: ''The only holes in the vicinity where plaintiff claims to have been injured were obvious and were to one side of the part of the street that was usually used by pedestrians and which was furnished for the use of pedestrians.'' Clearly the answer is not open to the construction contended for by plaintiff. Moreover, plaintiff in the trial court did not so construe the answer.

In his reply he "denies that said holes were not in the part of the street used by pedestrians and which was furnished for pedestrians."

In this connection, plaintiff insists that the evidence introduced in his behalf to the effect that the holes were located in the intersection of the streets, was undisputed and that the court could therefore assume the truth of the proposition and cites the case of Midwest National Bank v. Davis, 288 Mo. 563, 581, 233 S. W. 406. The rule sought to be invoked does not apply to the record in this case. [Davidson v. Co., 211 Mo. 320, 356, 109 S. W. 583.]

Plaintiff introduced evidence in an effort to show that the holes were located in the intersection of the streets and not on the viaduct. It is evident the defendant in the cross-examination of plaintiff sought to show that the holes were outside that part of the street furnished for the use of pedestrians. Moreover, plaintiff proceeded in the trial court upon the theory that the location of the holes was a question for the determination of the jury. He obtained an instruction (number 2) which submitted to the jury the question as to whether the holes were located "in 8th street and within the sidewalk lines on the west side of Walnut street." Therefore he cannot say the question was not for the triers of the fact. It is familiar law that a litigant on appeal is bound by the theory adopted in the trial court. [Village v. Boak, 158 S. W. 874, 877.] Many cases so hold. The rule applies not only to the issues submitted to the jury by instructions, but also to the construction which the parties have put upon the pleadings. [Carlson v. Wills, 276 S. W. 26; Guthrie v. Gillespie, 6 S. W. (2d) 886, 891; Flint v. Sebastin, 300 S. W. 798, 805.]

The trial theory was that the answer did not admit the holes were located in the intersection of the streets. The trial theory must be the theory on appeal. [Long v. Co., 233 Mo. 713, 136 S. W. 673, 678.]

Defendant contends that the photographs show the holes were located on the viaduct and were not in the street. That question was for the jury and not for the court. The quoted clause of instruction 1 told the jury that the plaintiff, as a pedestrian passing over and along the said intersection as said point had a right to use any part thereof. Would not the jury understand that by the term "said intersection at said point" the court told them the holes were located in the intersection? We think so. The existence of the holes was admitted but it is the location thereof which was in controversy.

Plaintiff sought to recover upon the theory that the dangerous condition existed in the intersection, and not upon the theory that said condition existed adjacent thereto. The motion for new trial was well ruled. The judgment is affirmed. The commissioner so recommends. *Boyer, C.,* concurs.

754

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.