OLEVIA KERNS, RESPONDENT, v. FLORENCE DYKES ET AL., APPELLANTS.
—48 S. W. (2d) 183.

Kansas City Court of Appeals.  January 11, 1932.

*James P. Aylward, Manard & Schwimmer* and *Joe E. Burris* for respondent.

*Jacobs & Henderson* and *Thos. E. Deacy* for appellants.

CAMPBELL, C.—On August 13, 1924, plaintiff attended a theatrical performance in a tent near Kingston, Missouri. She occupied a seat provided for patrons of the show, which seat, after she had occupied it for about three minutes, collapsed, resulting in severe injury to her. She brought suit, recovered judgment, and the defendants have appealed.

Plaintiff has filed motion to dismiss appeal upon the ground that defendants' statement fails to comply with our rule 16. The statement covers more than eleven pages of the printed brief and is sufficiently clear and concise to enable the writer to ascertain the questions presented. [Summers v. Cordell, 187 S. W. 5.] The motion is denied.

The negligence charged is that "said defendants, their agents, servants and employees negligently and carelessly caused and permitted the said seats to collapse, or fall down and the boards, runners, props, supports and/or stringers thereof to fall upon and against plaintiff's right leg, ankle and foot with great force and violence, thereby permanently injuring plaintiff."

The answer was a general denial.

The tent and all of the property used in connection with the show was owned and controlled by the defendant Florence Dykes. Defendants Kincaid, Linville and Butts are impleaded upon the theory that they were members of the Missouri Fox Hunters Association, the members of which plaintiff claims are liable as partners; that the association was to receive a part of the receipts and hence said defendants must respond in damages for an injury resulting from the negligence of their codefendant Dykes.

At the close of plaintiff's evidence, and again at the close of all the evidence, defendants severally requested the court to direct verdict in their favor. The requests were refused, and such rulings are assigned as error.

In support of the contention that verdict should have been directed for defendants, counsel say: "The undisputed evidence offered by the plaintiff and by the defendants showed that shortly before the seats

fell a number of boys sitting behind the plaintiff were violently swaying the seats back and forth; that the swaying was so violent that the plaintiff, together with other persons stood up and that thereupon the seats fell.''

The seats provided for the use of patrons of the show were composed of boards sixteen feet long, twelve inches wide and two inches thick, placed across wooden stringers which were set on wooden jacks braced with stobs driven into the ground.

Plaintiff and two lady companions occupied one of the seats. After they had been seated two or three minutes the seats fell and one of the stringers struck plaintiff on the leg, resulting in an oblique fracture of the bone. Each of the witnesses present at the time of the accident and who testified on behalf of the plaintiff said that just before the seats fell some boys were swaying the seats. One of them testified that she had been in the tent about thirty minutes before the accident; that during that time the seats were standing ''up all right,'' and that just before the accident occurred some boys came in and started the seats swaying ''back and forwards;'' that until the boys started swaying the seats she saw nothing wrong with them; that while the seats were swaying ''I think she (plaintiff) raised up as every body else did.''

Another witness on plaintiff's behalf testified that before the boys caused the seats to sway the seats ''looked stable to me;'' that some boys came in and started swaying some seats; ''They were getting up and rocking back and forth;'' and thereafter the seats fell.

Plaintiff testified that she and her companions sat down upon a seat; that nothing happened for two or three minutes thereafter; that in about three minutes after they sat down the seats began to sway; that she stood up and the stringer fell on her leg.

There was evidence on defendants' behalf that boys, as many as twelve in number and apparently eighteen to twenty-one years of age, violently rocked the seats before they fell. But in passing on the question under consideration, the evidence offered in defendants' behalf on that subject must be discarded.

Plaintiff relied upon the rule of *res ipsa loquitur* and offered no evidence tending to show that the seats were negligently constructed or maintained unless the fact that they fell in and of itself raised an inference of negligent construction or maintenance.

The defendant Dykes was not responsible for the conduct of the boys who caused the seats to sway to such an extent that plaintiff and others stood up before the seats fell. It is argued by plaintiff that the seats ''were so flimsy as to fall and collapse when pushed by some boys.'' We find no evidence warranting that argument. Plaintiff's evidence was that the seats ''looked stable'' and seemed to be secure until boys began swaying them ''back and forth.''

Upon the record the case falls within the rule announced in the case of McGrath v. St. Louis Transit Company, 197 Mo. 97, 94 S. W. 872, wherein it is said:

"Where all of the facts connected with the accident fail to point to the negligence of the defendant as the proximate cause of the injury, but show a state of affairs from which an inference could as reasonably be drawn that the accident was due to a cause or causes other than the negligent act of defendant, the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances of the accident, nor is defendant called upon to explain the cause of the accident or purge itself of the imputed or inferential negligence."

In the case of State ex rel. v. Trimble, 18 S. W. (2d) 4, it is said:

"The causative force of the injury must be shown to be controlled by the defendant; it must also appear that there was no other equally efficient proximate cause. If from the nature of the event causing the injury an inquiry naturally arises which one of two or more persons, acting independently is responsible; or if it appear that the injury was proximately caused by the independent act of two or more persons the application of the maxim is excluded by its term."

Considering the facts in a way most favorable to plaintiff it is clear that there was substantial evidence offered by her tending to show that the seats fell as a result of boys swaying them "back and forth." If the injury may have resulted from one of two causes, for one of which alone the defendants are liable, it was incumbent on plaintiff to show with reasonable certainty that the cause for which they were liable produced the injury. [Fowler v. Santa Fe, 127 S. W. 616, 143 Mo. App. 422; Sharp v. Stuebner Cleaning & Mercantile Company, 300 S. W. 559, 562.]

Plaintiff failed to show that the injury was caused by the negligence of the defendant Dykes. It follows, of course, that neither of the other defendants are liable.

It is argued by plaintiff that the defendants submitted the cause to the jury by instructions upon the same theory as that advanced in plaintiff's instruction and, therefore, they are bound by that theory. The rule that a litigant upon appeal is bound by the theory adopted in the trial court is always applicable to a plaintiff, but that rule is not applicable to the defendants in this cause. The defendants' requested peremptory instructions which were refused. They did not waive the requests by thereafter joining in the submission of the cause. [Everhart v. Bryson, 244 Mo. 507, 518, 149 S. W. 307.]

It is not necessary to determine whether or not the Missouri Fox Hunters Association was an unincorporated association within the meaning of the law. It was not organized for profit. The defendants Kincaid, Linville and Butts did not operate or control the operation

916

of the show nor participate therein and are, therefore, not responsible for the negligence, if any, of their codefendant Florence Dykes. [Murphy v. Holliway, 16 S. W. (2d) 107, 116.]

It is insisted by plaintiff that the filing of an unverified answer was, as a matter of law, an admission that the defendants were partners. Plaintiff is not in position to make such claim. She introduced evidence in an effort to show that the defendants were partners, and thereafter obtained an instruction submitting to the jury the question as to whether or not the defendants Kincaid, Linville and Butts "were associated together as and belonged to and were members of an unincorporated association known as Missouri Fox Hunters Association." Plaintiff submitted the question as one of fact, and cannot now claim the question was one of law. [Clardy v. Kansas City Public Service Company, 42 S. W. (2d) 370.]

The judgment is reversed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed. All concur.