Edwin P. GOVER and Minnie H. Gover,
Plaintiffs-Appellants,

v.

Grover CLEVELAND, Defendant-
Respondent.

No. 7495.

Springfield Court of Appeals.

Missouri.

Feb. 18, 1957.

Miller, Fairman & Sanford, Gerald H. Lowther, Springfield, for plaintiffs-appellants.

T. Bryant Johnson, Ralph P. Johnson, Osceola, for defendant-respondent.

STONE, Judge.

In this action to enjoin obstruction of a road through defendant's land, plaintiffs appeal from a decree denying the requested injunctive relief. Plaintiffs own a 360-acre farm on the Sac-Osage River about five miles northeast of Osceola in St. Clair County, Missouri, which they purchased in September, 1943. Defendant owns a 160-acre tract adjoining plaintiffs' farm on the south. The disputed road extends in a, general northerly direction from a county

road (hereinafter referred to as "the river road") in the southern part of defendant's farm to the improvements on plaintiffs' farm, running through defendant's farm for a distance of about one-quarter mile and *presently* terminating in plaintiffs' barn lot less than another one-quarter mile to the north. For several (perhaps as long as twenty) years, there have been only two houses on the disputed road, i. e., the house on plaintiffs' farm at the northern terminus of the disputed road and the house on defendant's farm near its southern terminus at the river road. In earlier times the disputed road, "two miles maybe" in length, extended to the north into the "Horseshoe Bend" community and afforded access to several other then-occupied sets of improvements.

Since that area was fenced (at a time not fixed in the record but obviously not less than twenty-five or thirty years ago), there has been a gate across the disputed road at the fence line between plaintiffs' and defendant's farms, and another gate was maintained in defendant's south fence line at the juncture of the disputed road and the river road, until plaintiffs, at their expense and with defendant's knowledge and consent, installed a cattle guard in lieu of that gate about 1944. However, there is no suggestion that either gate was ever locked or that there was any interruption of, or threat to, free and unrestricted use of the disputed road until, on March 20, 1954, defendant notified plaintiffs of his intention "to close the gates that you use in crossing my farm"—a move apparently motivated by plaintiffs' refusal to give to the road district right-of-way for improvement of the river road which, after crossing defendant's farm, turns onto the ridge and follows it across plaintiffs' farm.

 As here emphasized in the briefs of both plaintiffs and defendant, it was averred in plaintiffs' petition that the disputed road had been "for more than fifty years a *public* road of St. Clair County" which had been "used openly, continuously,

uninterrupted for said period of time by these plaintiffs and their predecessors in title and *by the general public* * * * without interference from defendant or his predecessor in title, except * * * two gates thereon." There are three ways in which a *public* road may be established in this jurisdiction, i. e., (1) under Section 228.190 RSMo 1949, V.A.M.S. (as amended Laws of 1953, p. 674), (2) by prescription, or (3) by implied or common-law dedication. There is no suggestion that the disputed road was legally established pursuant to statute, either (a) by order of the county court and user as a public highway for a period of ten years or more, or (b) by public user for ten years continuously *and* expenditure of public money or labor thereon for such period. Contrast State ex rel. Carter County v. Lewis, Mo.App., 294 S.W. 2d 954; Wann v. Gruner, Mo., 251 S.W. 2d 57. And, the disputed road was not shown to have become a public road by prescription, for there was no evidence of open, continuous and adverse public user for not less than ten years prior to 1887. State ex rel. McIntosh v. Haworth, Mo. App., 124 S.W.2d 653, 654(1); Jordan v. Parsons, 239 Mo.App. 766, 775, 199 S.W.2d 881, 886(4); Marshall v. Callahan, Mo. App., 229 S.W.2d 730, 732(2); George v. Crosno, Mo.App., 254 S.W.2d 30, 34(1).

Plaintiffs' able and industrious counsel on appeal (who did not try the case below) earnestly and persuasively argue that the disputed road became a public road by implied or common-law dedication—a doctrine predicated on equitable estoppel or estoppel in pais [Borchers v. Brewer, 271 Mo. 137, 143, 196 S.W. 10, 12; Elliott on Roads and Streets (4th Ed.), Vol. 1, Sec. 137, p. 163], which has found recognition and application in numerous Missouri road cases. Dillen v. Edwards, Mo., 263 S.W.2d 433; Chapman v. Schearf, 360 Mo. 551, 229 S.W.2d 552; School Dist. No. 84 v. Tooloose, Mo., 195 S.W. 1023; Lozier v. Bultman, Mo. App., 286 S.W.2d 43; Leslie v. Mathewson, Mo.App., 257 S.W.2d 394; Main v. Nash, 212 Mo.App. 689, 245 S.W. 581; Borders

v. Glenn, Mo.App., 232 S.W. 1062. On the other hand, defendant's capable counsel, relying on the time-honored and oft-invoked rule that a case will be reviewed on appeal only on the theory upon which it was brought and tried [Kenner v. Aubuchon, Mo., 280 S.W.2d 820, 826(1); Welch v. McNeely, Mo., 269 S.W.2d 871, 875(2); State ex inf. Mooney ex rel. Stewart v. Consolidated School Dist. No. 3, Mo.App., 281 S.W.2d 511, 515(9)], vigorously insist that plaintiffs' trial theory was *not* that of a public road by implied or common-law dedication and that, therefore, such theory is not available to them here.

■■■ Since it thus becomes in the instant case, as is frequently true, "of primary importance to determine what sort of action is sought to be maintained" [United States Fidelity & Guaranty Co. v. Mississippi Valley Trust Co., Mo.App., 153 S.W.2d 752, 757; Young v. Hall, Mo.App., 280 S.W.2d 679, 681], we turn first to plaintiffs' petition because, as we recently had occasion to point out in a road case, "(t)he office of the pleadings is to define and isolate the issues to those controverted so as to advise the trial court and the opposite party of the issues to be tried." Cook v. Bolin, Mo.App., 296 S.W.2d 181, 184(2). See also Kesinger v. Burtrum, Mo.App., 295 S.W.2d 605, 608, and cases there cited. Reading the petition "from its four corners" [State ex rel. Dutcher v. Shelton, 249 Mo. 660, 691, 156 S.W. 955, 963] and in its entirety [State ex rel. Kansas City Missouri River Nav. Co. v. Dew, 312 Mo. 300, 320, 279 S.W. 65, 71(3); Hoeller v. St. Louis Public Service Co., Mo.App., 199 S.W.2d 7, 10(5–7); Phillips v. Thompson, 225 Mo.App. 859, 864, 35 S.W.2d 382, 385 (1)], and according to the language of the petition its plain and ordinary meaning and such interpretation as *fairly* appears to have

been intended by the pleader [King v. Guy, Mo.App., 297 S.W.2d 617, and cases there cited], we believe it perfectly plain, as hereinbefore noted, that plaintiffs clearly charged that the disputed road was a *public* road, but we find nothing reasonably indicative of any purpose or intention to aver or claim that such alleged status as a public road had been acquired by implied or common-law dedication.

■■ The primary duty rested upon the pleader to express his meaning clearly in plaintiffs' petition [Koewing v. Greene County Building & Loan Ass'n, 327 Mo. 680, 689, 38 S.W.2d 40, 44(9); Lappin v. Nichols, 263 Mo. 285, 291, 172 S.W. 596, 598], and neither the trial judge nor this court should be "charged with assuming that the pleader intended to conceal one cause of action within another" [Wollums v. Mutual Ben. Health & Accident Ass'n, 226 Mo.App. 647, 655, 46 S.W.2d 259, 264 (8); King v. Guy, supra] or forced to "resort to mere guesswork or speculation to determine whether a particular cause of action is pleaded." State ex rel. Hendrix v. American Surety Co. of New York, Mo. App., 176 S.W.2d 67, 69; Hilderbrand v. Anderson, Mo.App., 270 S.W.2d 406, 410. But plaintiffs now urge that, since their petition was not attacked before judgment, every reasonable intendment in its favor should be indulged and that, so aided, the petition encompassed their present theory of implied or common-law dedication of the disputed road. However, although the courts usually have not thought it necessary to spell out the circumstances under which the doctrine of liberal construction of the petition after judgment may be invoked, it is strikingly apparent, from the language employed by the courts in many reported opinions [1] and by the editors in many di-

---

1. Harrison v. Slaton, Mo., 49 S.W.2d 31, 36; Thomasson v. Mercantile Town Mut. Ins. Co., 217 Mo. 485, 497, 116 S.W. 1092, 1096(4); Emerson v. Treadway, Mo.App., 270 S.W.2d 614, 621(13–15); Rogers v. Western Home Town Mutual Fire Ins. Co., 93 Mo.App. 24, 29(4). See also Lewis v. National Savings Building & Loan Ass'n, 229 Mo.App. 1003, 1007, 84 S.W.2d 965, 967(1); Woods v. Moffitt, 225 Mo.App. 801, 806, 38 S.W. 2d 525, 528(3); Finer v. Nichols, 175 Mo.

gested holdings,[2] that where, as here, the inquiry is *what* cause of action has been pleaded in a petition not attacked before judgment and is *not* whether *any* cause of action has been stated in a petition found fatally defective upon motion to dismiss prior to trial,[3] this doctrine of liberal construction of the petition is applied *only to aid and support a judgment, never to overturn or overthrow it.* So it was in each of the cases cited by plaintiffs to this point,[4] and examination of literally scores of cases digested under the same key number [West's Missouri Digest, Vol. 23, Pleading, ☜34(6)] has revealed none in which this doctrine has been invoked, as by plaintiffs here, to *reverse* the decree nisi.

 But, *even if* the petition, standing alone, left us in doubt as to plaintiffs' trial theory, their own construction of the petition throughout the trial, which they may not here repudiate and renounce [Kelley v. National Lead Co., 240 Mo.App. 47, 55, 210 S.W.2d 728, 731(2); Clardy v. Kansas City Public Service Co., 227 Mo. App. 749, 753, 42 S.W.2d 370, 372(5)], demonstrates convincingly and conclusively that their trial theory was that the disputed road had become a public road by prescription, *not* by implied or common-law dedication. For, throughout a long and sharply-contested hearing, there was no direct or inferential reference by the court or counsel either to implied or common-law dedication or to equitable estoppel or estoppel in pais, upon which such dedication rests. And, although the transcript reflects only a *general* finding and decree for defendant,

plaintiffs' motion for new trial significantly shows that plaintiffs then complained of nothing other than matters patently related to a claim of *prescriptive user,* the only assignments in such motion (which presented and preserved anything) being that "the evidence does not support any finding" of "changes in the road" or of "permissive use" but "is sufficient to support a finding of adverse use * * * necessary to create an easement."

 Futhermore, the fundamental principle of appellate procedure that a trial court must be afforded an opportunity to review and correct its own errors before the assistance of an appellate court may be invoked [State ex rel. Morton v. Cave, 359 Mo. 72, 220 S.W.2d 45, 49(4); Banner Iron Works v. Ray R. Rosemond Co., Mo., 107 S.W.2d 1068, 1070(4); Grapette Company v. Grapette Bottling Company, Mo. App., 286 S.W.2d 34, 37(3), and cases there cited] forbids our consideration of error here assigned by plaintiffs to the effect that the trial chancellor failed to find equitable estoppel and an implied or common-law dedication, for no such contention or point was, at any time, presented to or expressly decided by the trial chancellor. Section 512.160(1) RSMo 1949, V.A.M.S.; Supreme Court Rule 3.23; Scowden v. Scowden, Mo.App., 298 S.W.2d 484. Convinced, as we are, that plaintiffs' appellate theory of implied or common-law dedication comes as an afterthought, we must and do decline to review the case on that theory. Cook v. Bolin, supra, 296 S.W.2d loc.cit. 184 (4–6).

App. 525, 534–535, 157 S.W. 1023, 1025(4).

2. Greaves v. Kansas City Junior Orpheum Co., 229 Mo.App. 663, 677, 80 S.W.2d 228, 237 (23); Vogel v. Bushnell, 203 Mo. App. 623, 630, 221 S.W. 819, 823(4); Lowder v. Kansas City Rys. Co., Mo.App., 221 S.W. 800(1); Quirk v. Metropolitan St. Ry. Co., 200 Mo.App. 585, 588, 210 S.W. 103, 105(2); Bealmer v. Hartford Fire Ins. Co., Mo.App., 193 S.W. 847, 848(1).

3. Compare Slicer v. W. J. Menefee Const. Co., Mo., 270 S.W.2d 778, 780(1); Wells v. Henry W. Kuhs Realty Co., Mo., 269 S.W.2d 761, 767(1); Downey v. United Weatherproofing, Inc., 363 Mo. 852, 855, 253 S.W.2d 976, 977(1, 2); Zuber v. Clarkson Const. Co., 363 Mo. 352, 355, 251 S.W.2d 52, 54(1).

4. Lozier v. Bultman, Mo.App., 286 S.W.2d 43, 46(2, 3); Judge v. Durham, Mo. App., 281 S.W.2d 16, 19–20(1, 2); Nahn-Heberer Realty Co. v. Schrader, Mo.App., 89 S.W.2d 142, 144.

Since it is presumed on appeal that the trial chancellor, in weighing the evidence, was governed by correct principles of law [Linders v. Linders, 356 Mo. 852, 860, 204 S.W.2d 229, 234(12); Moffit v. Hereford, 132 Mo. 513, 522, 34 S.W. 252, 254; Emerson v. Treadway, Mo.App., 270 S.W.2d 614, 621(11)] and that his decision was correct [State to Use of Consolidated School Dist. No. 42 of Scott County v. Powell, 359 Mo. 321, 326, 221 S.W.2d 508, 511(7); E. C. Robinson Lumber Co. v. Lowrey, Mo.App., 276 S.W.2d 636, 644 (19)], the burden is on appellants to show affirmatively that reversible error was committed below. James v. James, Mo., 248 S.W.2d 623, 627(8); Staples v. O'Reilly, Mo.App., 288 S.W.2d 670, 678(19). Although, as hereinbefore pointed out, plaintiffs' pleaded theory of a public road by prescription necessarily failed for want of any evidence of user prior to 1887, it may not be amiss to observe that the testimony of plaintiff, Edwin P. Gover, and his eight witnesses and that of defendant and his seven witnesses reasonably would have permitted different inferences and contrary conclusions with respect to the disputed factual issues mentioned in plaintiffs' motion for new trial, i. e., whether there had been material changes in the route of the disputed road and whether its user had been permissive or adverse. In the absence of any *specific* findings by the trial chancellor, his *general* finding and decree for defendant resolved all such contested issues of fact against plaintiffs and in favor of defendant. Section 510.310(2) RSMo 1949, V.A.M.S.; Beckemeier v. Baessler, Mo., 270 S.W.2d 782, 786(3), and cases there cited. Mindful of the plain statutory injunction that "(t)he judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses" [Section 510.310(4) RSMo 1949, V.A.M.S.], we find the conclusion inescapable that, on the record presented, we may not set aside the decree for defendant, entered by the trial chancellor only after he had gone over the disputed road in the company of opposing counsel. Beery v. Linstrom, Mo.App., 228 S.W.2d 814.

The judgment and decree nisi should be and is affirmed.

McDOWELL, P. J., and RUARK, J., concur.