**Stephen LEWIS and Bettye L. Lewis, his wife, Appellants,**

v.

**Linda Sue ESSELMAN et al., Respondents.**

**No. 36916.**

Missouri Court of Appeals, St. Louis District, Division Four.

May 25, 1976.

Motion for Rehearing to Court En Banc or Transfer to Supreme Court Denied July 9, 1976.

Application to Transfer Denied Sept. 13, 1976.

Jack F. Allen, Clayton, for appellants.

Robert L. Officer, St. Louis, for Esselman.

Mary Lake, J. Richard Roberts, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, Hillsboro, for Herlocker.

Leon M. Newman, St. Louis, for Crites.

ALDEN A. STOCKARD, Special Judge.

Plaintiffs originally sued Linda Sue Esselman and later joined Lawrence Herlocker and Linard Ray Crites. A previous appeal from the action of the trial court in dismissing the petition as to Herlocker and Crites was held to be premature on the grounds that there had been no disposition of all parties and issues. *Lewis v. Esselman*, 512 S.W.2d 423 (Mo.App.1974). That situation does not now exist. Plaintiffs have now appealed from the judgment of the trial court dismissing their petition as to defendants Herlocker and Crites for failure to state facts upon which relief can be granted. We affirm.

For the purposes of this appeal we may state the ultimate facts alleged in plaintiffs' amended petition.

About 2:00 o'clock in the morning of June 24, 1972, a collision occurred between two automobiles being operated in a westerly direction on Interstate Highway 44 by Lawrence Herlocker and Linard Ray Crites. The negligence of each operator contributed to cause the collision. A few minutes after

the collision plaintiff, Stephen Lewis, was driving along the north service road of the highway referred to as North Highway Drive. He parked his automobile, jumped the fence separating the two roads, and went to offer aid. After recognizing that medical attention was required, he went back over the fence and arranged for an ambulance to be summoned. Plaintiff then returned to the scene of the accident, administered such assistance as he could, and remained there until the ambulance and the police officers arrived. Plaintiff then jumped the fence and returned to the area of his parked automobile. At this time the emergency vehicles which had congregated at the collision scene on Interstate Highway 44 had red and yellow flashing emergency lights, and the accident scene was in full and direct view of the east bound traffic on North Highway Drive. While plaintiff was standing at or near the south edge of the paved portion of North Highway Drive he was struck and injured by an automobile being operated by Linda Sue Esselman, who, while driving her automobile, was observing the accident scene on Interstate Highway 44.

Plaintiffs' claimed cause of action is premised on the contention that the combined negligence of Herlocker and Crites could be found by a jury to have caused a condition (the spectacle of an accident with the flashing lights from the attending emergency vehicles, termed in *Greenwood v. Vanarsdall,* 356 S.W.2d 109, 114 (Mo.App. 1962), to be "an attractive nuisance for adults" and by plaintiff as a "gaper block") which in turn caused Esselman to "gape" at the accident scene while operating her automobile on the nearby North Highway Drive and strike and injure plaintiff, and that the negligence of Herlocker and Crites was therefore the proximate cause, as the term is legally defined, of plaintiff's injuries.

For the purpose of this appeal we accept as a fact that both Herlocker and Crites were negligent in causing the collision on Interstate Highway 44. But, for a negligent act to constitute the proximate cause of an injury to another, some injury must

have been reasonably foreseeable. *Dickerson v. St. Louis Public Service Company,* 365 Mo. 738, 286 S.W.2d 820 (1956). The causal connection need not be established by direct and positive evidence but may be inferred from the facts and circumstances, and the "facts and circumstances shown should be reckoned with in the light of ordinary experience and such conclusions as common sense dictates deduced therefrom." *Anderson v. Asphalt Distributing Co.,* 55 S.W.2d 688, 693 (Mo.1932). "However, the question is not whether the particular injury under consideration should have been anticipated, but whether, after the occurrence, such injury then appears to have been the reasonable and probable consequence of the negligent act or omission." *Leek v. Dillard,* 304 S.W.2d 60, 65 (Mo.App. 1957). It is immaterial that the precise manner in which the injury occurred was neither foreseen nor foreseeable. *Mrazek v. Terminal R.R. Ass'n of St. Louis,* 341 Mo. 1054, 111 S.W.2d 26 (1937). The above general rules must be considered in connection with the doctrine of intervening efficient cause, which when applicable results in the negligent acts which created the situation becoming or constituting what in law is termed the remote cause. In *Duke v. Missouri Pacific Railroad Company,* 303 S.W.2d 613, 617 (Mo.1957), the Supreme Court of this State announced the doctrine as follows:

> " 'Where a second actor has or should have become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause.' 65 C.J.S. Negligence § 111 b, notes 44, 45, p. 692.
>
> 'A prior and remote cause cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct,

successive, unrelated, and efficient cause of the injury, even though the injury would not have occurred but for such condition or occasion. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause; and, if an independent negligent act or defective condition sets into operation the circumstances which result in injury because of the prior defective condition, such subsequent act or condition is the proximate cause.' 65 C.J.S. Negligence § 111 d, p. 693."

In this case it can be argued that the injury to plaintiff would not have occurred "but for" the negligence of Herlocker and Crites. But no danger to plaintiff existed in or from the condition resulting from the negligence of Herlocker and Crites. Plaintiff had left the scene of the collision; he had crossed the fence between Interstate Highway 44, and had returned to a separate and different highway where he was safe from injury reasonably flowing from the condition caused by the negligence of Herlocker and Crites. The danger to plaintiff, and his subsequent injury, resulted from the independent negligent act of Esselman in negligently operating her automobile on a highway different and separate from Interstate Highway 44 and there striking and injuring plaintiff. In these circumstances the negligence of Esselman, and not that of Herlocker and Crites, was the proximate cause of plaintiff's injuries.

The judgment is affirmed.

SMITH, C. J., concurs in separate concurring opinion.

NORWIN D. HOUSER, Special Judge, concurs on the basis that the combined negligence of Herlocker and Crites was not the proximate cause of plaintiff's injuries, but constituted nothing more than an antecedent contributing circumstance.

SMITH, Chief Judge (concurring).

I concur because *Duke v. Missouri Pacific Railroad Company,* 303 S.W.2d 613 (Mo. 1957) controls this case. Therefore, the intervening negligence of Esselman insulates Herlocker and Crites from liability as a matter of law. Were I free from the constraints of *Duke,* I would conclude that under the particular facts here proximate cause should be a factual determination.

Plaintiff was a rescuer and as such his presence at the scene was foreseeable. I believe he continued to occupy that status until he returned to his original place of safety, which he had not done when he was injured. I also regard the inattention of Esselman as a foreseeable consequence of the Herlocker and Crites negligence. This is not to say that any accident caused by a "gaper block" imposes liability upon the originally negligent motorists. But where, as here, the plaintiff is a foreseeable and, probably, an anticipated participant in assisting at the accident scene I believe his injury by a motorist distracted because of the original negligence should present a factual question of proximate cause.