Sharon KUHLMANN, by and through her next friend Walter J. Kuhlmann, Appellant,

v.

Charles Fred ROWALD, Respondent.

No. 36927.

Missouri Court of Appeals, St. Louis District, Division One.

March 22, 1977.

Sommers & Holloran, Inc., James P. Holloran, St. Louis, for appellant.

Fitzsimmons & Fitzsimmons, Clayton, for respondent.

CLEMENS, Presiding Judge.

Plaintiff-pedestrian, a 12-year-old girl, was struck by defendant's car near the edge of Lemay Ferry Road in St. Louis County. She submitted her case on defendant's failure to keep a lookout; he countered by submitting that she was contributorily negligent by having moved onto the roadway. Verdict was for defendant and plaintiff has appealed.

Defendant's contributory negligence instruction directed a verdict for him if plaintiff *negligently moved* into the path of defendant's automobile, etc. Plaintiff's sole contention on appeal is error in giving that instruction because it lacked evidentiary support.

We have searched the transcript for evidence of plaintiff's *movement* into defendant's path. Defendant testified he last saw plaintiff 150 feet ahead of him as she and two companions were walking along the shoulder of the road "shoving each other back and forth." Defendant's witness Cayce was driving north as plaintiff walked and defendant drove south. Mr. Cayce saw plaintiff and her two companions walking abreast along the shoulder, with plaintiff about two feet off the pavement. Mr. Cayce said the other two children were jostling and bumping each other; the child on the inside hit plaintiff, knocking her into the roadway. She fell momentarily and as she was regaining a standing position defendant's car struck her.

We have also searched plaintiff's evidence to find if it lends evidentiary support to defendant's submission that plaintiff negligently "moved" into his path. Plaintiff did not recall being pushed into the roadway. She testified that as she walked along the road shoulder it was slick, she slipped in mud which she felt but had not seen and fell into the roadway; as she straightened up defendant's car struck her.

In sum, defendant's evidence was that plaintiff was pushed into his path; plaintiff's evidence was that she stepped in mud, slipped and fell into the roadway. Plaintiff's conduct in getting into defendant's path was contributorily negligent only if she did so voluntarily, and conversely, she was not contributorily negligent if her being in the roadway was involuntary.

A comparable issue of liability for negligence depending on the voluntariness of the allegedly negligent act was ruled in *Stokes v. Carlson,* 362 Mo. 93, 240 S.W.2d 132 (1951). There, plaintiff-driver was injured when defendant, a rear-seat passenger who had been sleeping, suddenly pushed the driver's seat forward, causing her to lose control and run off the road. Admittedly, defendant was then asleep or not fully awake; "his actions were purely involuntary and without any volition whatever." In denying liability the court adopted the statement of 65 C.J.S., Negligence, § 3b: ". . . to create liability for an act alleged to be negligent, it must be shown to have been the act of a person's volition. . . ." And, quoting Restatement, Torts, Vol. 1, § 2: "There cannot be an act without volition." In denying liability in *Carlson* the court reasoned that involuntary movements are not negligent because of "lack of opportunity to make a choice or to determine a course of action."[1]

Here, plaintiff's "movement" into the path of defendant's oncoming car was not an act of her own volition. To the contrary, she came into the position of danger either by the involuntary act of slipping and falling, or by being pushed there by one of her companions. Neither was a voluntary act and so it follows there was no evidentiary support for defendant's contributory negligence instruction.

Judgment reversed and cause remanded for a new trial.

DOWD and WEIER, JJ., concur.

1. *Carlson* was cited and applied in *Ballew v. Aiello,* 422 S.W.2d 396 [1–3] (Mo.App.1967), in denying liability where defendant-passenger grabbed the steering wheel "while being roused from sleep."