Carl E. THOMAS, Plaintiff-Respondent,

v.

MISSOURI POWER & LIGHT COMPANY, Defendant-Appellant.

No. 38494.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Feb. 14, 1978.

Tofle, Mack & Oxenhandler, Ollie R. Mack, Jr., Columbia, for plaintiff-respondent.

McQuie & Deiter, Walter D. McQuie, Jr., Montgomery City, for defendant-appellant.

DOWD, Judge.

A jury found defendant-appellant power company had acted negligently in failing to barricade an excavation it had made in a public street, and awarded plaintiff-respondent Carl Thomas $15,000 for injuries sustained when he tripped and fell into the excavation. Defendant appeals.

The facts are undisputed. On September 30, 1973 Carl Thomas of Krekel Street in Wellsville, Missouri was walking home after a visit with his mother. It was about 8:30 or 9:00 at night and completely dark. There are no sidewalks on Krekel Street and pedestrians must walk on the road. Thomas was aware that there was a ditch on the side of the road and had walked by it several times. The ditch was in front of his house, parallel to Krekel Street, about

twelve feet long, three feet wide and four feet deep. It had been dug so that defendant-appellant power company could replace an old gas main. There were exposed pipes at the bottom of it. On the ends of the ditch which faced the street there were barricades with reflector tape to illuminate them when automobile lights approached. One side of the ditch faced the road and had a pile of dirt next to it. The other side faced his house. Neither of these two sides were barricaded. As Thomas was walking in the street, he suddenly tripped over an object, lost his balance, and fell headfirst into the ditch. The next morning he returned to the scene to see what he tripped over and the only thing he saw in the area was a curtain rod. He concluded he tripped over the curtain rod. Plaintiff suffered injuries to his neck, ribs, and back; and now wears a back brace.

Defendant raises three points on appeal: (1) The plaintiff failed to prove that defendant was negligent; (2) plaintiff was guilty of contributory negligence; and, (3) plaintiff failed to prove the failure to barricade was the proximate cause of plaintiff's injuries. Defendant argues that it was therefore entitled to a directed verdict.

Defendant first contends that the plaintiff failed to prove a submissible case of negligence. Defendant argues that the trial court erred in submitting the case to a jury because plaintiff had known of the excavation prior to his falling into it.

■ To test the submissibility of plaintiff's case, we review his theory of the case and consider the evidence in the light most favorable to him. *Fowler v. Laclede Gas Co.*, 488 S.W.2d 934, 936[2] (Mo.App.1972).

■ Plaintiff submitted the case under M.A.I. No. 22.02, which applies to dangerous conditions near public thoroughfares. Plaintiff's theory, as pleaded, proved, and submitted, under M.A.I. 22.02, was that 1) defendant created an excavation close to a public street, 2) such excavation was so close to a public street that persons using it in the exercise of ordinary care are exposed to a danger of falling in, 3) defendant knew

or should have known of the danger, 4) defendant failed to use ordinary care to barricade it, and 5) plaintiff was injured as a direct result. No where in M.A.I. 22.02, is there a requirement that the excavation be hidden from or unknown to plaintiff. Under the facts here, we believe the plaintiff made a submissible case of negligence and the trial court did not err in submitting the case to the jury. *Fowler v. Laclede Gas Co.*, supra at 936[3].

Defendant's second point is that the trial court erred in submitting the case to the jury since the evidence showed plaintiff was contributorily negligent as a matter of law "since he had known of the excavation in the street for more than a week and saw it in the dark as he approached at the time he was injured, yet took no special precautions for his own safety in walking in close proximity to the dangerous condition."

■ Contributory negligence is generally a jury question. *Holtmeyer v. Scherer*, 546 S.W.2d 29, 32[3] (Mo.App.1976). Plaintiff testified that he walked near the ditch many times before without falling into the excavation. When asked if he took any special precautions, he stated "I knew the hole was there, and I was trying to avoid it." There were no sidewalks and so plaintiff was required to walk on the road.

■ A person who proceeds in an area he knows to be out of repair must exercise ordinary care to avoid dangers. *Adler v. Laclede Gas Co.*, 414 S.W.2d 304, 307[3] (Mo.1967). But mere knowledge of a defective sidewalk is not sufficient to charge one who proceeds across the defective place with contributory negligence, unless the defect is so obviously dangerous that no prudent person would attempt to use the sidewalk. *Blackburn v. Swift*, 457 S.W.2d 805, 807[3] (Mo.1970). Accord, *Goldman v. City of Columbia*, 211 S.W.2d 541, 543[4] (Mo. App.1948). This principle applies to a defective road where a pedestrian is required to walk.

■ Furthermore, one can only be charged with contributory negligence for his or her voluntary acts. *Kuhlmann v.*

*Rowald*, 549 S.W.2d 583, 584[1] (Mo.App. 1977). Here plaintiff's fall into the ditch was not due to the voluntary act of walking too close and falling in, but from his involuntary act of slipping on the curtain rod and stumbling as he attempted to regain his balance. We believe the issue of plaintiff's contributory negligence was a jury question.

Defendant's final point is that the trial court erred in submitting the case to jury because "there was no evidence offered or admitted from which the jury could reasonably and lawfully find that respondent's injuries were legally and proximately caused by appellant's failure to barricade the excavation since the object in the road over which respondent tripped was in no way connected with appellant or its failure to barricade the excavation and respondent's injuries would as likely have resulted after he tripped on the object, whether the excavation had been barricaded or not."

A defendant may be held liable for any injury which, after the occurrence, appears to have been the natural and probable consequence of his act or omission, if he should have reasonably expected *some kind* of injury would occur. *Reckert v. Roco Petroleum Corp.*, 411 S.W.2d 199, 206[7] (Mo.1966); *Foley v. Hudson*, 432 S.W.2d 205, 207[2] (Mo.1968). The causal connection between the negligent act or omission and the injury may be inferred from facts and circumstances in the light of ordinary experience and common sense. *Lewis v. Esselman*, 539 S.W.2d 581, 582 (Mo.App.1976). An intervening act will not break the chain of causation if the original actors should have reasonably foreseen the intervening act in light of the attendant circumstances. *Dix v. Motor Market, Inc.*, 540 S.W.2d 927, 933[12] (Mo.App.1976). The jury could reasonably conclude that appellant should have foreseen that some injury to plaintiff would occur from the appellant's failure to fully barricade the excavation site. Defendant argues that even if a barricade were present, plaintiff could have been injured by falling against it or over it. However, the jury could have reasonably found that the failure of defendant to have a barricade caused the plaintiff to fall into the ditch and thus injure himself.

The judgment is affirmed.

SIMEONE, C. J., and SNYDER, J., concur.