**Dennis FREEMAN, Plaintiff-Appellant,**

v.

**K & K CAR REPAIR, INC.,
Defendant-Respondent.**

**No. 45795.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 30, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
Oct. 12, 1983.

John R. Igoe, St. Louis, for plaintiff-appellant.

John J. Horgan, St. Louis, for defendant-respondent.

DOWD, Judge.

Plaintiff-appellant, Dennis Freeman, appeals from a judgment in favor of defendant-respondent, K & K Car Repair, in a personal injury suit. As plaintiff does not contest the sufficiency of the evidence, we will set forth only those facts necessary for this appeal.

On February 25, 1978, defendant's agent, Ron Engelbach, was removing truck signs and preparing them for repainting. Once the trucks were finished, Engelbach would drive them up a steep incline to a fenced yard beneath Highway I–55. As Engelbach was driving the final truck up this incline, the truck hesitated, and he shoved the clutch in. It rolled back a little, he hit the brake, and ten fifty-five gallon drums loaded with kitchen fat fell out of the back end of the truck and onto the street. The lids came off of three or four of these drums spilling fat onto the asphalt. Several people, including the plaintiff, appeared on the scene to help reload the truck. At one point, the plaintiff and Engelbach grabbed a heavy drum and started to lift it. Engelbach suddenly released his end and plaintiff bore the entire weight of the drum. As a result of the sudden weight forced upon him, plaintiff claims that he sustained a severe back injury.

The jury returned a verdict for the defendant, and plaintiff appeals on the ground that the trial court erred in not giving Instruction A, which reads:

Your verdict must be for Plaintiff if you believe:

First, either:
Ronald Engelbach failed to secure the tailgate of the pick up truck, or
Ronald Engelbach released the drum of fat, and

Second, Ronald Engelbach, in any one or more of the respects submitted in paragraph First, was thereby negligent, and

Third, as a direct result of such negligence, Plaintiff sustained damage.

The trial court instead issued Jury Instruction No. 8, which instructed the jury to find for plaintiff if they believed that defendant negligently released the drum of fat, and that such negligence directly resulted in plaintiff's injury. Plaintiff claims that since Instruction A was supported by the evidence he was deprived of his right to have a jury determine whether Engelbach's failure to secure the tailgate caused or substantially contributed to his injuries and whether such conduct was negligent.

■ It is the plaintiff's burden to establish that the defendant's negligence proximately resulted in damages to him. *Lange v. Marshall,* 622 S.W.2d 237, 238 (Mo. App.1981). Therefore, we look to see whether, after the occurrence, the injury appears to be the reasonable and probable consequence of the defendant's act or omission. *Swindell v. J.A. Tobin Construction Co.,* 629 S.W.2d 536, 541 (Mo.App.1981). In the instant case we find the proximate cause of plaintiff's injury was Engelbach's act of releasing the drum and not his failure to secure the tailgate of the truck.

■ Engelbach's failure to secure the tailgate should be looked upon as a prior and remote cause of the injury and cannot be made the basis of an action if it did nothing more than furnish the condition or give rise to the occasion which made the injury possible. *Lewis v. Esselman,* 539 S.W.2d 581, 582 (Mo.App.1976); *Duke v. Missouri Pacific Railroad Company,* 303 S.W.2d 613, 617 (Mo.1957). Although the injury would not have occurred but for Engelbach's original act, plaintiff's distinct and successive act of helping to reload the truck clearly intervened and interrupted the chain of events, thus making Engelbach's act of dropping the drum the proximate cause. We simply cannot find that a back injury is the reasonable and probable consequence of an individual's failure to secure the tailgate of a truck. We find plaintiff's proferred instruction was not supported by the evidence. Accordingly, the trial court properly refused to give Instruction A and the judgment is affirmed.

SNYDER, P.J., and GAERTNER, J., concur.