Elmer W. TAYLOR, Plaintiff-Respondent,

v.

Arthur James SCHNEIDER, Defendant-Appellant.

No. 31306.

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1963.

Rehearing Denied Oct. 14, 1963.

J. Andy Zenge, Jr., Richard Howe, Canton, Brown & Normile Bruce Normile, Edina, for appellant.

J. Patrick Wheeler, Canton, for respondent.

BRADY, Commissioner.

This is an appeal from a verdict and judgment for $6,250.00 in plaintiff's favor in an action arising out of an automobile collision occurring on Highway 61 in Clark County, Missouri, near an establishment known as Morgan's Service Station. The parties will be referred to by their designation in the trial court. Defendant's timely after-trial motions were denied and this appeal followed.

The factual situation, as viewed in the light required of us by the jury's verdict and as limited by reference to the defendant's allegations of error, follows. Highway 61 is a two-lane, concrete pavement 20 feet wide and, at this point, runs in a generally northwardly/southwardly direction. The defendant was traveling northwardly. Morgan's is a service station and restaurant located on the west side of the highway and has 2 driveway entrances each 60 feet wide. Plaintiff testified that by his measurements the distance from the south curb of the south entrance to the north curb of the north entrance was 415 feet. This he later modified on cross-examination to 393 feet and stated that from the south end of the south driveway to the right side of his automobile when he was stopped would be 339 feet. Plaintiff had been in the restaurant eating and upon entering his automobile drove it eastwardly on the north driveway toward the highway, coming to a stop next to the south curb of the north entrance with the front of his automobile 6 feet west of the west edge of the pavement. He looked northwardly and saw nothing. He could see about 1 mile to the south and, upon looking in that direction, saw the lights of an approaching northbound automobile 800 to 900 feet from him. (He determined this distance from the fact that these lights were to the south of another service station which is on the east side of the highway and to the south of Morgan's and he later measured this distance.) Plaintiff then drove eastwardly out onto the pavement at about 5 miles per hour. When the right front wheel of his automobile was at the center line and the left front wheel was about 4½ feet from it, he turned left or to the north. When the plaintiff was "sitting" over the center line, he looked again to the south and saw the defendant " * * at the south drive." He proceeded to complete his turn. He was on his side of the road, had traveled 80 or 90 feet after the turn, and was going 20 miles per hour when his automobile was struck from behind. His testimony was that 7 seconds had elapsed from the time he began to move until impact occurred. An instant before the impact he saw the lights of the defendant's automobile in his rear view mirror. Varner, a passenger in defendant's automobile, testified that before the impact he

saw both tail lights of plaintiff's automobile ahead of defendant's automobile. Plaintiff's automobile left the road after being propelled 35 feet forward from the point of impact. Defendant's automobile left skid marks of 44 feet and came to a stop 160 feet beyond the north end of these marks. The road was dry. The plaintiff testified that he was very familiar with the highway and knew that the speed limit at this point was 55 miles per hour.

During the cross-examination of defendant, it was established that his automobile was a 1955 two-door Oldsmobile "88". Defendant was then asked if he had ever raced that automobile in drag races. Upon timely objection, the jury was instructed to disregard that question. The following then occurred: "Q Had you ever had this car up to its maximum speed? (Defendant's objection was timely made and overruled.) A I have. Q And what was the maximum speed of that car? A Well, 108 miles an hour."

Defendant's allegations of prejudicial error present four contentions. First he alleges the trial court should not have overruled the motions for a directed verdict offered at the close of plaintiff's evidence and offered again at the close of all the evidence. In support of this allegation of prejudicial error, defendant urges that plaintiff was contributorily negligent as a matter of law. The second contention defendant presents is that the trial court erred in overruling his motion to set aside the verdict and judgment for plaintiff. In support of this motion, defendant urges that plaintiff's version of this occurrence is so contrary to what defendant refers to as "the physical and scientific facts" as to have no probative value. The defendant then contends that the trial court prejudicially erred in allowing the inquiry by plaintiff's counsel, over objection, as to the defendant's conduct on another occasion when he drove his automobile at a speed of 108 miles per hour. Defendant's fourth and last contention deals with the giving

of certain instructions. In view of the disposition of this appeal, as enunciated in this opinion, we do not reach that last contention and, for that reason, the instruction complained of will not be set out herein.

■ The defendant's allegation of prejudicial error with regard to the overruling of his objection to the question as to whether he had ever driven his automobile up to its maximum speed compels us to reverse this judgment. As stated in that portion of this opinion giving the facts, the trial court permitted the plaintiff's counsel to inquire if defendant had ever driven his automobile at its maximum rate of speed. Defendant's answer that he had done so and the resulting inquiry as to that rate of speed was given over the timely objection of his counsel. There was no controverted issue as to speed in this case. The plaintiff contends that this evidence was pertinent to the issue of whether defendant's automobile could have struck plaintiff's automobile; this the defendant never denied and thus it was not an issue in this case. The evidence which should be admitted in a case is that evidence which tends to prove or disprove an issue in the case. Evidence which goes to prove or disprove other matters is immaterial and irrelevant. 20 Am.Jur., Evidence, § 246, p. 239. Actually plaintiff's argument amounts to a tacit admission that the trial court erred in permitting this question and answer but that such error was not prejudicial. We think the prejudicial nature of this error is manifest when the form of the question is recalled. The inquiry was in no way related to the defendant's conduct on the occasion in evidence but he was asked if he had *ever* driven his automobile at its maximum rate of speed. His answer that he had driven the automobile at a speed of 108 miles per hour could not help but weigh heavily against him. The effect of the trial court's ruling was to allow the prejudice that would naturally result from defendant's admitted conduct upon another occasion to become a factor in the jury's

determination of whether or not he was negligent on this occasion.

■ The plaintiff also contends this point should be ruled against the defendant because the statement of the point in motion for new trial was general in nature. In the motion for new trial, the language used was that "The court erred in admitting irrelevant, immaterial and incompetent evidence on behalf of plaintiff over the objections * * *" of the defendant. The motion for new trial did not set out the evidence claimed to be irrelevant, immaterial and incompetent. Civil Rule 79.03, V.A.M.R., specifically approves the sufficiency of such an allegation of error in a motion for new trial where during trial the party made an objection complying with Rule 79.01, V.A.M.R., as to definiteness. This is the situation in this case.

Having reached the decision that we must reverse the judgment, the extent of our order becomes pertinent. If the plaintiff failed to make a case, then we should reverse this judgment outright. On the other hand, if plaintiff did make a case for the jury then our order should include remanding this cause for a new trial. It is, therefore, necessary to consider the defendant's allegations of error going to the sufficiency of plaintiff's case. Defendant's contentions in this regard are those encompassed by the allegations of prejudicial error based upon the trial court's action in overruling defendant's motions for a directed verdict and in overruling his motion to set aside the verdict and judgment for plaintiff.

■ It is well settled that by presenting evidence after the trial court overruled the motion for a directed verdict offered at the close of plaintiff's case, defendant waived any complaint he may have had as to that action. Snead v. Sentlinger, Mo., 327 S.W. 2d 202; Whalen v. St. Louis Public Service Co., Mo.App., 351 S.W.2d 788; § 510.280, n. 50, 51, RSMo 1959, V.A.M.S.; Mo.Digest, Trial, ☞☜419, 420. That allegation of

error, therefore, presents nothing for our review.

■ Defendant presents two grounds to support his contention that the trial court prejudicially erred in overruling his motion for a directed verdict offered at the close of all the evidence. He first contends that the plaintiff was guilty of contributory negligence as a matter of law because plaintiff's own testimony shows a violation of § 304.-021, subd. 5, RSMo 1959, V.A.M.S. This subsection reads as follows: "The driver of a vehicle about to enter or cross a highway from an alley or any private road or driveway shall yield the right of way to all vehicles approaching on said road or highway." It is to be noted that in subsections 3 and 4 of § 304.021, supra, the prohibition against turning or entering the intersection is limited in time by referring to the approaching vehicle as being so close as to constitute an "immediate hazard." In subsection 6 of that same section, the limitation is created by the use of the words " * * * when the making of such left turn would create a traffic hazard." There is no similar limitation in the wording of subsection 5, yet surely the legislature never intended a strictly literal construction of that subsection. The defendant, in effect, recognized the necessity for some limitation to this language by stating in his brief that the effect of the statute was that " * * * a person cannot move from a private driveway into a through highway in the close proximity of a vehicle moving on the through highway so as to create a dangerous condition." We hold this subsection is to be read and construed with the rest of § 304.021, supra, and when that is done it requires the driver of a vehicle about to enter or cross a highway from an alley or private road or driveway to yield the right of way to all vehicles approaching on said road or highway which have reached a point so near as to constitute an immediate hazard. We therefore cannot hold that, by the act of driving out onto the highway to begin his turn while defendant's vehicle was approaching on the highway re-

gardless of where defendant's automobile was then located, the plaintiff violated § 304.021, subd. 5, supra, and must be held to have been contributorily negligent as a matter of law.

■ The defendant then contends the plaintiff was contributorily negligent as a matter of law because the evidence shows that he did, in fact, drive out onto the highway when defendant's vehicle was so close as to constitute an immediate hazard. It requires no citation to substantiate the applicable rule that if reasonable minds could differ as to whether the defendant's vehicle was so close as to constitute an immediate hazard when plaintiff pulled out onto the highway, then the plaintiff's contributory negligence was a jury question. The distance at which plaintiff placed the defendant to the south, the speed limit of which plaintiff testified he was cognizant, and the plaintiff's intent to make a left turn are all factors which lead us to deny defendant's contention that the factual situation here presented is one on which reasonable minds could not differ. The plaintiff's testimony was that the defendant was 800 to 900 feet away from him when the plaintiff began his turn. He further testified that he was very familiar with this section of Highway 61 and knew that the speed limit at this place on the highway was 55 miles per hour. This court cannot agree that reasonable minds could not differ as to whether plaintiff, possessing the knowledge that the legal rate of speed for approaching automobiles was 55 miles per hour, was contributorily negligent in pulling out from a position 6 feet back from the edge of the pavement with the intention of making a left turn at a time when defendant's automobile was 800 feet away from him. It follows that the trial court did not err in overruling defendant's motion for a directed verdict.

The defendant's allegation that the trial court erred in not granting his motion to set the verdict aside is also without merit. This motion was based on the defendant's contention that plaintiff's evidence is so contrary to what defendant characterizes as "the physical and scientific facts" that it has no probative value and plaintiff's case, therefore, must fail. It should be kept in mind that defendant relates this contention only to the factual situation existing when plaintiff, then "sitting" over the center line of the pavement, looked to the south and saw the defendant at the south curb of the south entrance. The defendant's argument is that the evidence shows the south curb of the south entrance to be 275 feet from the plaintiff's automobile when it was in the middle of the pavement. He urges that the plaintiff's best evidence placed the defendant 800 feet south of the plaintiff as the latter was stopped in the north driveway 6 feet from the edge of the pavement. Plaintiff was then a total of 16 feet from the center of the highway if that distance is measured in a straight line from the front end of plaintiff's automobile to the center line. Defendant contends that plaintiff's evidence, placing the defendant at the south curb of the south driveway when plaintiff had reached the center of the highway, is contrary to "the physical and scientific facts" because that would have required defendant to have traveled 525 feet (800 less 275) in the 2.2 seconds it took plaintiff to travel 16 feet at 5 miles per hour.

It should first be pointed out that the evidence, taken in the light we must view it, does not lead to the conclusion defendant has reached. The evidence most favorable to the plaintiff is that the south curb of the south drive is 339 feet from the south curb of the north drive. The result is that the distance covered by the defendant was 461 feet (800 less 339) instead of 525 feet. Moreover, the defendant's contention in this regard denies to the plaintiff the benefit of certain reasonable inferences which the jury was entitled to draw. The plaintiff testified that the left front wheel of his automobile was about 4½ feet back from the center line of the pavement when the right front wheel was at that line. The only reasonable inference to be drawn from that testimony is that he was traveling in a

gradual arc. It would follow from that arc that he traveled more than the 16 feet to which the defendant seeks to prescribe him. It would follow that a longer period of time was consumed than 2.2 seconds. Fisher v. Gunn, Mo., 270 S.W.2d 869. Another fair inference from his testimony compels the same conclusion. The distance of 6 feet to the edge of the pavement was related to the front end of plaintiff's automobile. The 16 feet of which defendant recites was also related to the front of the automobile. However, when asked where he was when defendant was at the south curb of the south drive, plaintiff related his position to the black line in the middle of the pavement by testifying that his person was then over that line. It has been held that a court judicially knows that the front end of an automobile precedes the driver's person. Fuzzell v. Williams, Mo.App., 288 S.W.2d 372, l. c. 377. It follows that the front end of plaintiff's automobile had traveled more than 16 feet and, at 5 miles per hour, this involves a lapse of time greater than 2.2 seconds.

However, we prefer to base our decision on this allegation of error upon an even more compelling ground. It is that any error in plaintiff's testimony as to defendant's position at any time between the time when defendant was 800 feet to the south and the point where impact occurred could not require the trial court to sustain defendant's motion to set aside the verdict and judgment unless that testimony destroys the plaintiff's theory of the case and conflicts with the other testimony supporting that theory. Regardless of where the defendant was when the plaintiff was "sitting" over the center line, the factual situation as we are required to take it is that the defendant hit the plaintiff from the rear after plaintiff had completed his turn and had proceeded an additional 90 feet. This means that defendant had covered 890 feet. This figure does not give the plaintiff the benefit of the additional distance he covered as might reasonably be inferred from the gradual arc of his turn but even this distance is suffi-

cient to illustrate that the alleged error in plaintiff's testimony could not destroy his entire case. The time plaintiff required for his turn has previously been given as over 2 seconds. His further testimony was that after completing his turn at a speed of 5 miles per hour, he had reached a speed of 20 miles per hour before impact. The average speed at which plaintiff traversed this 90 feet was, therefore, 12½ miles per hour and required a time lapse of approximately 5 seconds. This is in accordance with plaintiff's testimony that about 7 seconds elapsed between his first movement and impact. Mathematical computation will illustrate that an automobile traveling at any speed over 88 miles per hour will traverse more than that distance in 7 seconds. This court cannot hold that it is impossible to travel at such speeds or to traverse 890 feet in 7 seconds. Accordingly, the plaintiff's theory as to how this collision occurred is fully supported by facts which are not affected, adversely or otherwise, by the testimony which defendant contends is so contrary to the physical and scientific facts as to have no probative value. That being the case, the testimony of which the defendant complains cannot be held to destroy his entire case. It follows that the plaintiff made a submissible case.

It does not appear the matters contained in the defendant's allegations of prejudicial error dealing with the giving of instructions 5 and 6 must necessarily arise again upon retrial of this cause and for that reason will not be dealt with herein.

The judgment should be reversed and the cause remanded to the trial court for a new trial. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is reversed and the cause remanded to the trial court for a new trial.

RUDDY, P. J., WOLFE, J., and WILLIAM M. KIMBERLIN, Special Judge, concur.