Cornelius FOWLER, Plaintiff-Appellant,

v.

LACLEDE GAS COMPANY, Defendant-Respondent.

No. 34512.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 12, 1972.

Raymond Howard, St. Louis, for plaintiff-appellant.

M. E. Stokes, St. Louis, for defendant-respondent.

McMILLIAN, Judge.

This is a negligence action for personal injuries alleged to have been sustained by the plaintiff, Cornelius Fowler, on June 19, 1968, while operating his motor vehicle on a public street in the City of St. Louis, Missouri. The jury awarded plaintiff a verdict of $10,000.00.

Defendant—Laclede Gas Company's, (hereinafter referred to as Laclede) post-trial motion for judgment was denied; but its motion for a new trial was sustained. Plaintiff has appealed; and thereafter Laclede moved for a dismissal of the appeal for violation of Civil Rule 84.04(c) and (e), V.A.M.R.

A new trial was ordered on the following grounds that: (1) plaintiff's verdict director was faulty for failure either to refer to or negate Laclede's affirmative defense of contributory negligence; (2) plaintiff used M.A.I. 22.02, modified, instead of M.A.I. 22.04, modified; (3) plaintiff's verdict director failed to submit Laclede's actual or constructive knowledge of the absence of warning lights or other devices; and (4) plaintiff's failure to define "ordinary care" as used in his verdict director.

While plaintiff's brief is subject to both criticisms made against it by Laclede; namely, the statement of facts was incomplete and inaccurate, Civil Rule 84.04(c), and that plaintiff's brief failed to include the complained of instructions, Civil Rule 84.04(e), yet we feel that the interest of justice is best served by a disposition on the merits rather than a technicality. In Sippel v. Custom Craft Tile, Inc., Mo.'App., 480 S.W.2d 87, this court's refusal to consider error concerning instruction left out of a brief did not result in the dismissal of the whole appeal.

Laclede's argument, i. e., that its motion for a directed verdict at the close of the case along with its contention that plaintiff's verdict director failed to submit actual or constructive knowledge of the absence of some sort of warning, will be discussed hereinafter. Accordingly, a brief summary is made of the evidence.

At about 11:30 P.M., June 19, 1968, plaintiff was driving his automobile west on Natural Bridge Avenue, between Norwood and Kingshighway Boulevard, when his car fell into an excavation in the center lane. The excavation was nine feet long, six feet deep and three feet wide, and had only a pile of dirt in front of it. According to plaintiff, there were no lights, no barricade, or any type of warning device.

Defendant admitted making the excavation, but claimed the area, which was closed down at 4:30 P.M. was lit up like a Christmas tree with all kinds of barriers. On cross-examination, in support of its affirmative defense that plaintiff failed to keep a lookout, Laclede developed that: (1) the area was well lighted by street lights, (2) the weather was clear and dry, (3) the plaintiff had good vision and his windshield was unobstructed, (4) his car was new and had good headlights, (5) no vehicle was to the front of plaintiff so that his view ahead was clear, (6) plaintiff was driving at a speed of 25 miles per hour,

and he continued in the same lane without swerving or taking any evasive action prior to the accident, and (7) plaintiff ran over a pile of dirt into the excavation.

Laclede claims that the trial court erred for not sustaining its motion for judgment because plaintiff failed to show any actual or constructive knowledge on Laclede's part that a dangerous condition existed, DePung v. City of St. Louis, Mo.App., 425 S.W.2d 509; Whitney v. Central Paper Stock Co., Mo.App., 446 S.W.2d 415; and Pagano v. Kolbrener, Inc., Mo.App., 469 S.W.2d 745.

■ To test the submissibility of plaintiff's case, we review the theory upon which plaintiff grounded his recovery, and we consider the evidence in the light most favorable to plaintiff. Schneider v. Prentzler, Mo., 391 S.W.2d 307, 309.

■ Plaintiff's theory as pleaded, proved, and submitted was that Laclede had created a dangerous condition on a public street; that the location of the excavation exposed persons using the streets in the exercise of the highest degree of care, to a danger of falling into the excavation; that Laclede failed to take precaution either to place barricades or warning devices at or near the excavation; that plaintiff drove his automobile into the excavation; and as a direct result thereof sustained injuries. Since a jury could have reasonably found the above facts, it was not error to deny Laclede's motion for a directed verdict. Turning to Laclede's claim that plaintiff failed to prove actual or constructive knowledge that a dangerous condition existed, it is conceded that Laclede's work in the street is done under license by the City of St. Louis and it is liable only for failure to exercise ordinary care in the performance of its work. Grab v. Davis Construction Company, 233 Mo. App. 819, 109 S.W.2d 882. However, Laclede says that it is incumbent upon plaintiff to show a reasonable period of time when the dangerous condition of the excavation could have been discovered by La-clede in order that the condition could have been corrected.

■ In support of this argument Laclede cites the DePung case, supra. This case dealt with the City's liability for the acts or omissions of a third party to adequately light a barricade. Even more important, however, the City did not create the danger as in our instant case. So, too, in the Pagano case, supra, involving a defective air duct register, we held actual or constructive knowledge was required in order to attach liability upon the defendant therein in the absence of proof that defendant or his employees created the dangerous condition. In the instant case, Laclede created the danger; therefore, obviously it was aware of it, hence no notice was necessary. We rule this contention against Laclede.

Next we turn to plaintiff's contention that the trial court erred in granting a new trial because his verdict director failed to negate Laclede's affirmative defense. Both sides concede that where the court gives a defendant's instruction submitting his affirmative defense of contributory negligence, it is error to give a verdict director for plaintiff which fails to refer to or negate his contributory negligence. Moore v. Ready Mixed Concrete Company, Mo., En Banc, 329 S.W.2d 14. Plaintiff claims, however, that since Laclede failed to offer any evidence of the plaintiff's contributory negligence, Laclede's affirmative defense has been abandoned; hence, it was not error to omit the tail to plaintiff's instruction. Shepard v. Harris, Mo., En Banc, 329 S.W.2d 1.

■ While we agree with the law as stated by plaintiff, we disagree with his conclusions. Laclede's cross-examination of plaintiff, as set out herein is replete with facts to support its pleaded affirmative defense of failure to keep a lookout. Rohmann v. City of Richmond Heights, Mo.App., 135 S.W.2d 378. Accordingly, we hold that the trial court was correct in granting a new trial for plaintiff's failure to negate Laclede's affirmative defense.

We hold the trial court to have been in error in granting a new trial on the grounds that (1) M.A.I. 22.02, modified, should not have been used; (2) there was no evidence to support a finding that Laclede failed to warn or place barricades; and (3) the verdict director submitted a theory not pleaded.

 A complete answer for point number 3 is that plaintiff's Second Amended Petition pleaded that Laclede created the excavation, that the excavation was dangerous, and Laclede failed to place barricades or any other kind of warning devices. As to point number 2, plaintiff's evidence on direct examination and on cross-examination was that not only did he not see any barricades and lights, but also none were there at the time of the casualty.

Plaintiff's Instruction No. 2 was as follows:

" 'Your verdict must be for plaintiff if you believe:

"First, defendant created an excavation located in a public street, and

"Second, that such excavation was so located in a public street that persons using the street in the exercise of the highest degree of care were exposed to a danger of falling into the excavation, and

"Third, defendant knew or should have known of such danger, and

"Fourth, defendant failed to use ordinary care to either barricade it, or warn of it, . . . ' "

In our opinion, the above modification was proper since it was supported by the pleadings and the evidence. Jackson v. City of St. Louis, Mo., 422 S.W.2d 45, 47. The instruction is simple, brief, impartial, free from argument, and did not submit to the jury, nor require findings of detailed evidence and facts. Arterburn v. Meadows, Mo., 451 S.W.2d 85, 87. We ex-press no opinion as to whether or not an acceptable modification could not have been made of either M.A.I. 22.03 or 22.04.

Finally, Laclede accused plaintiff of error for failing to define "ordinary care" as used in his verdict director. If error, then Laclede offended in the same manner since its converse instruction used the words "ordinary care," but attempted no definition. We hold that where an instruction is used and includes a term or phrase which is defined by a M.A.I. form, it is error not to use the M.A.I. definition. Nevertheless, under the circumstance of the case the error was engaged in by both plaintiff and Laclede; therefore, the failure to give a definition of "ordinary care" was not reversibly erroneous.

The trial court's order granting defendant a new trial must be sustained in accordance with this opinion.

The judgment is affirmed and the cause remanded.

DOWD, C. J., and CLEMENS, J., concur.