George FREESE, Plaintiff-Appellant,

v.

Charles Eugene KELLISON, Defendant-Respondent.

No. 35377.

Missouri Court of Appeals,
St. Louis District,
Division 2.

April 2, 1974.

Daniel T. Rabbitt, Jr., John L. McMullin, St. Louis, for plaintiff-appellant.

Niedner, Moerschel, Nack & Ahlheim, Rollin J. Moerschel, St. Charles, for defendant-respondent.

McMILLIAN, Judge.

This is an appeal by plaintiff from a judgment entered on a jury verdict by the Circuit Court of St. Charles County, Missouri, in favor of defendant and against plaintiff who sought to recover damages for the wrongful death of his wife.

This is the second trial and appeal. In the first trial, plaintiff submitted his case on defendant's humanitarian negligence in failing to slacken his speed when he saw plaintiff in immediate and impending danger. The jury returned a verdict and the court entered judgment for plaintiff in the sum of $15,000.00. On appeal, we reversed and remanded, Freese v. Kellison, 482 S.W.2d 538 (Mo.App.1972), because plaintiff failed to make a submissible case since plaintiff was not in a position of danger at the time of impact. Davis v. Quality Oil Company, 353 S.W.2d 670 (Mo.1962). On the other hand, however, we rejected defendant's claim that he was entitled to an outright discharge because plaintiff was guilty of contributory negligence as a matter of law because plaintiff made a left turn across defendant's path at a time when defendant was approaching so closely as to constitute an immediate hazard. We

held that under the circumstances of the case plaintiff's contributory negligence was an issue for the jury.

On the retrial, plaintiff submitted his case on primary negligence; namely, the defendant's conduct in leaving the traveled portion of the highway. Skiles v. Schlake, 421 S.W.2d 244 (Mo.1967). Over plaintiff's objection defendant submitted a contributory negligence instruction on plaintiff's failure to yield the right of way. Taylor v. Schneider, 370 S.W.2d 725' (Mo. 1963).

On this appeal plaintiff raises two issues: (1) defendant was not entitled to give a contributory negligence instruction since our prior opinion held as a matter of law plaintiff was never in a position of immediate hazard, and (2) there was no evidence to support a contributory negligence submission. We disagree, and, accordingly affirm.

Inasmuch as the case is a retrial and the evidence is identical, we shall only briefly delineate the facts. For a comprehensive narrative see Freese v. Kellison, supra.

On April 12, 1969, plaintiff and decedent were traveling east on Highway 40–61 near Wentzville, Missouri. Intending to drive into Cindy's Motel, plaintiff turned left, at a speed from 2–3 miles per hour to 6–10 miles per hour. Defendant's evidence was that he was traveling east at a speed of 65 miles per hour when he saw plaintiff's left turn blinker about 1000 feet away; that when the two cars were 150 feet apart, plaintiff turned across the westbound lane; defendant slammed on his brakes, veered slightly into the eastbound lane and then across the westbound lane onto the driveway of the Cindy Motel and into plaintiff's car. At the time of impact defendant testified that plaintiff's automobile was 3–4 feet off the traveled portion of the highway.

We find no merit to plaintiff's claim that the law of the case on this appeal is governed by the court's opinion in the prior appeal of this cause. Freese v. Kellison, supra. In Swain v. Anders, 349 Mo. 963, 163 S.W.2d 1045 (1952) loc.cit. 1048, was a case of almost identical facts as far as the accident is concerned, and is also a case that was originally tried on the humanitarian doctrine, reversed, and re-tried on a theory of primary negligence with a contributory negligence submission, and an appeal complaining about the contributory negligence submission. The Swain court said:

"Ordinarily, matters decided on one appeal, where the issues and evidence are the same, will be considered settled law on a second appeal in the same case, except where a mistake of fact has been made or where the decision did not do justice to the parties. . . However, it does not appear from the opinion of the Springfield Court of Appeals that the issue of the sufficiency of the evidence to make a case for the jury on the charges of primary negligence, upon which the cause was last submitted, was before that court on the prior record . . . We must, therefore, on his appeal determine the sufficiency of the evidence to make a submissible case upon the theory upon which the cause was last submitted to the jury."

Thus, in view of the two different theories of submission in the two appeals, the "hazard" section of the court's prior opinion dealing with a humanitarian submission simply does not apply to either the primary negligence or the contributory negligence submission in the instant case.

In our prior opinion, Judge Weier stated that contributory negligence of plaintiff did not exist as a matter of law. Nonetheless, he observed that reasonable minds could differ or draw different conclusions, where a motorist turns left into the path of an oncoming vehicle, as to whether or not this left turn was performed when the oncoming vehicle was so close as to constitute an immediate hazard; thus presenting a jury question.

Plaintiff would have us say that because the court reversed the prior appeal since he never came into a position of immediate danger under a humanitarian submission, then as a matter of law there can be no submission on failure to yield the right of way. This for the reason that plaintiff would only have to yield the right of way if defendant was so close, at the time plaintiff turned to the left, as to constitute an *immediate hazard.* Taylor v. Schneider, 370 S.W.2d 725, 728–729 (Mo.1963).

■ In the prior appeal the evidence was that at the moment of impact, plaintiff had left the traveled portion of the highway, and had reached a position of safety on the apron of the motel entrance driveway. This is in no way incongruous with defendant's contributory negligence theory that at the time plaintiff turned his automobile into defendant's path of travel, his automobile constituted an immediate hazard because of the proximity of the two automobiles and the rate of speed at which defendant's automobile was approaching. Therefore, it is a misstatement of the holding on the first appeal to say that as a matter of law because plaintiff was not in a position of immediate danger under a humanitarian submission, it necessarily follows that plaintiff could not have failed to yield the right or could not have been contributorily negligent in some other way. The real issue was whether defendant's automobile presented an immediate hazard with a danger of collision to the left turning vehicle operated by the plaintiff. And if reasonable minds could differ on the matter, then a jury question was made. Plaintiff's confusion stems from his failure to distinguish between humanitarian negligence and antecedent negligence. Therefore, we rule against plaintiff's first contention.

■ Plaintiff's second point urges that there was no evidence to support defendant's contributory negligence submission, and he also argues that defendant's testimony could not possibly be correct.

Since the jury verdict found in favor of the defendant, on appeal we consider the evidence and the inferences to be drawn therefrom in its most favorable light to support the verdict. We note first that there was conflicting evidence on the speed at which plaintiff crossed the road, and the distance between plaintiff and defendant when plaintiff began his turn. Resolution of both these questions was properly left to the jury. Considering the evidence in the light most favorable to the defendant, a jury could have reasonably found that defendant was 150 feet away, driving at a speed of 65 miles per hour at the time plaintiff began to make his left turn; that plaintiff operated his car across the path of the defendant at a speed of two miles per hour; and that at the moment plaintiff began his turn defendant made an immediate emergency application of his brakes. At 65 miles per hour, defendant was traveling 97.5 feet per second, and in ¾ths second (reaction time to danger) the defendant's automobile would have traveled 73 feet, leaving a distance of 77 feet between his automobile and that of the front of plaintiff's automobile at the moment plaintiff just began his turn. So, defendant was less than a second away from a collision at the very moment plaintiff began to turn. Plaintiff's car traveling at either 2 or 3 miles per hour was moving at a rate of either 3 or 4.5 feet per second. While we do not know the exact length of plaintiff's automobile, we do know at the speed of either 2 or 3 miles per hour, it would take more than 2 or 3 seconds for plaintiff's entire automobile to reach a point of safety out of the path of defendant's oncoming car. In Lafferty v. Wattle, Mo. App., 349 S.W.2d 519, 526, where the court recognized that speeds and distance testified to by the parties were mere estimates, the court said: ". . . [T]he jury is entitled to take the *whole circumstances,* correlate the facts and, if such reasonably can be done from the evidence, arrive at a conclusion which may not exactly fit any of the estimates. . ." Thus whatever the distances and whatever

speed either car was traveling at the time plaintiff began his turn, the jury could find that defendant made an emergency application of his brakes and never released them from the time plaintiff set forces into motion, up to the time of the collision. Consequently, we hold that there was sufficient evidence from which a jury could find that at the time plaintiff made his left turn across the path of defendant's approaching automobile from an opposite direction he was so close as to constitute an immediate hazard with a danger of collision.

Judgment affirmed.

CLEMENS, Acting P. J., and GUNN, J., concur.