**Clyde W. SAMS, d/b/a Sams Auto Sales, Appellant,**

v.

**Brenda Joyce GREEN and East Missouri Action Agency, Respondents.**

No. 41078.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 18, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 16, 1979.

Application to Transfer Denied Jan. 15, 1980.

Thomas A. Ludwig, Jackson, for appellant.

J. Fred Waltz, Cape Girardeau, for respondents.

CRIST, Judge.

This appeal, raising issues concerning the res ipsa loquitur doctrine and the measure of damages claimed, is complicated by the parties' failure to agree upon the correctness of the recorded transcript under Rule 81.12(c).

The evidence at trial was that, as defendant-respondent drove her car down a hill, the car went off the roadway, crossed the sidewalk, and caused property damage to plaintiff. Defendant maintained her brakes suddenly failed and she went off of the roadway to avoid colliding with vehicles in front of her and injuring people. The jury's verdict indicates it believed defendant's story.

Plaintiff's appeal contends the trial court erred in refusing a res ipsa loquitur instruction. Plaintiff had tendered two verdict directing instructions, one based upon res ipsa loquitur and the other predicated upon

defendant's failure to control her vehicle. The court gave the non-MAI lack of control instruction. Such instruction is as follows:

### "INSTRUCTION NO. 2

Your verdict must be for plaintiff if you believe:

First, defendant failed to keep her motor vehicle under control, and

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence, plaintiff sustained damage.

Not in MAI—Tendered by Plaintiff."

The court refused the res ipsa loquitur instruction which is as follows:

### "INSTRUCTION NO. A.

Your verdict must be for plaintiff if you believe:

First, defendant, Brenda Joyce Green, was the driver of the automobile, and

Second, the automobile left the street and ran across the sidewalk, and

Third, from the facts in evidence and the reasonable inference therefrom, you find such occurrence was the direct result of defendant's negligence, and

Fourth, as a direct result of such negligence the plaintiff sustained damage.

MAI 31.02(1), 1977 revision modified—Tendered by Plaintiff."

The order in which these instructions were tendered would be dispositive of the case. Plaintiff contends the res ipsa loquitur instruction was offered and refused before the lack of control instruction was offered. Defendant contends plaintiff chose to offer the lack of control instruction rather than the res ipsa loquitur instruction and then had the latter instruction marked as refused. Upon appeal, defendant claims plaintiff cannot predicate error based upon an instruction given at plaintiff's request.

Unfortunately, no proceeding in which the parties offered instructions was made a part of the record of the case. The original transcript shows only:

"THE COURT: . . . Now we've gone over instructions while we've been in recess, and I have refused what has been marked Plaintiff's Instruction A [Instruction A was the res ipsa loquitur instruction] and B [Instruction B is a damage instruction not here material], is that correct, Mr. Ludwig?

MR. LUDWIG: Yes, Your Honor.

THE COURT: Now, all other instructions and verdict forms were submitted by the Plaintiff except Instruction No. 3; is that correct, Mr. Ludwig?

MR. LUDWIG: Yes, Your Honor.

THE COURT: Mr. Waltz?

MR. WALTZ: Correct."

Without more, the transcript would indicate that the res ipsa loquitur instruction was first refused and the lack of control instruction was then given. In the ordinary sequence of events, a trial court would refuse one verdict directing instruction before accepting another. If the court had accepted the other in the first instance, there would be no reason to refuse any other instruction. A trial court rules as the instructions are submitted.

Finding the original transcript unsatisfactory, defendant refused to approve the transcript as correct and requested correction of the transcript in the trial court under Rule 81.12(c). Rule 81.12(c) provides, in part:

"If there is any dispute concerning the correctness of any transcript, or any part thereof, or if the parties fail to agree within a reasonable time as to its correctness, the transcript shall be settled and approved by the trial court."

Pursuant to defendant's request, the trial court conducted further proceedings. Counsel for plaintiff and defendant and the trial judge all recited their recollections of what transpired during the off-record instruction conference. The court tended to support defendant's contention that the court first accepted the lack of control instruction and then refused the res ipsa loquitur instruction. However, the trial court made no findings of fact, order, or certificate which would settle the transcript. The trial court merely ordered that

the statements of remembrance made at the hearing be transcribed as a supplemental transcript.

 The appellate court will not consider post-trial recollections of what transpired at trial to complete, correct, or impeach the recorded transcript. *Hendershot v. Minich*, 297 S.W.2d 403, 408–10 (Mo.1956) (The appellate court refused to resolve the issue whether a party had consented to sentencing outside the county upon the conflicting affidavits of counsel. The appellate court had ordered the trial court to supply the omission in the transcript; but the trial court only filed a certificate which did not resolve the conflict although tending to show appellant had consented.); *accord, Rahhal v. Mossie*, 577 S.W.2d 143, 145 (Mo. App.1979).

At the time of the instruction conference, the defendant did not request that the statements and discussions during the instruction conference proceedings be included in the record. Such was defendant's obligation. *State v. Hoopes*, 534 S.W.2d 26, 32 (Mo.banc 1976). Upon the record available to us, plaintiff's res ipsa loquitur instruction was refused before the lack of control instruction was given.

In their briefs, both parties agree the evidence would sustain the use of plaintiff's res ipsa loquitur instruction as the verdict directing instruction. Thus, the only remaining question is whether or not plaintiff was prejudiced by giving of the lack of control instruction rather than the res ipsa loquitur instruction.

Defendant contends because the given and refused instructions are almost identical plaintiff was not prejudiced. However, if an applicable MAI instruction exists, it must be used to the exclusion of all others. *Sands v. R. G. McKelvey Bldg. Co.*, 571 S.W.2d 726, 730 (Mo.App.1978). Plaintiff was entitled to a res ipsa loquitur submission. *Harke v. Haase*, 335 Mo. 1104, 75 S.W.2d 1001 (1934).

We deem it unnecessary to reach the other issues raised by plaintiff.

Reversed and remanded for a new trial.

REINHARD, P. J., and GUNN, J., concur.