Robert S. KARASHIN,
Plaintiff-Respondent,

v.

HAGGARD HAULING & RIGGING,
INC., Defendant-Appellant,

v.

Michael L. STEWART, Third Party
Defendant-Respondent.

No. 64638.

Supreme Court of Missouri,
En Banc.

June 30, 1983.

Kenneth O. Smith, James Welsh, Kansas City, for defendant-appellant.

Richard A. Rubins, Reggie C. Giffin, Pieter A. Brower, Kansas City, for respondents.

HIGGINS, Judge.

Robert S. Karashin sued Haggard Hauling & Rigging, Inc., for personal injuries sustained in an automobile collision; Haggard impleaded Michael L. Stewart as a third party defendant. A jury found for Karashin on his petition and for Stewart on defendant's third party petition. Judgment for plaintiff for $100,000 was entered on the verdict; defendant appealed. A divided division of the court of appeals reversed the judgment for a new trial, and subsequently transferred the case to this Court. Appellant contends the trial court erred in refusing an offer of proof concerning the nature, public or private, of one of the streets involved in the accident; and in giving Instruction No. 6, because that instruction did not conform to case law on the duty to yield the right-of-way when entering a highway from a private road. Affirmed.

River Front Road is a public highway which runs northeast to southwest; Empire Street is privately owned and extends in an east to west direction. Both roads are paved; the intersection of the two roads is "Y" shaped. There are no stop or yield signs at the intersection; there is a street sign indicating the name of both roads. River Front Road is level and straight for one-quarter mile on either side of Empire Street which dead-ends at its intersection with River Front Road.

On November 13, 1974, a pickup truck owned by Chem-Lawn Corp. collided with a tractor-trailer at the intersection of River Front Road and Empire Street in Kansas City, Missouri. Michael L. Stewart was driving the pickup at the time of the collision; he was accompanied by another Chem-Lawn employee, Robert S. Karashin; the vehicle was moving in a westerly or southwesterly direction on River Front Road at a speed of 30–35 miles per hour.

William Sickman was operating the tractor-trailer for Haggard Hauling at the same time. He was on Empire Street headed toward the "Y" intersection at a speed of 15–20 miles per hour. Sickman testified he stopped 5–10 feet from the intersection and looked both ways, but did not see the vehi-

cle in which Karashin was a passenger. He then turned left onto River Front Road. When his truck had moved about ten feet into the intersection, Sickman saw the pickup for the first time. He continued to turn his tractor-trailer to the left into the lane in which the pickup was traveling.

Stewart testified that he slammed on his brakes to avoid a collision with the tractor-trailer and lost control when his pickup went into a side skid. The pickup left the pavement, traveled up a hill, turned over, and came to rest on its top. Karashin (the passenger in the pickup) suffered a bruised kidney and a back injury which required the fusion of two vertebrae.

### I.

Section 304.351.5 RSMo 1978 provides that the driver of a vehicle about to enter or cross a highway from any private road "shall yield the right-of-way to all vehicles approaching on the highway to be entered." *Id.* It is undisputed River Front Road is a public highway.[1] Plaintiff's evidence showed that Empire Street was privately owned and that it was not maintained by the city public works department. He takes the position that defendant's driver was required to yield the right-of-way to the pickup in which he was a passenger. Defendant offered to prove that Empire Street is a "de facto" public road, although not a "de jure" public road. Rejection of this offer is asserted as error.

■ A public road may be established in three ways: Under section 228.190 RSMo 1978; by prescription; or by implied or common law dedication. *Osburn v. Supreme Express & Transfer Co.*, 590 S.W.2d 360, 362 (Mo.App.1979); *Gover v. Cleveland*, 299 S.W.2d 239, 241 (Mo.App.1957). A public road may be established pursuant to section 228.190 either by order of the county court and use as a public highway for ten years or by public use for ten years and expenditure of public money or labor thereon for such period. Establishment of a

public road by prescription requires evidence of open, continuous, and adverse public use for at least ten years. *Gover*, 299 S.W.2d at 241.

■ A trial court has considerable discretion in the exclusion of evidence; unless there was an abuse of that discretion its action will not be grounds for reversal. *Bine v. Sterling Drug, Inc.*, 422 S.W.2d 623, 631 (Mo.1968); *Storm v. Ford Motor Co.*, 526 S.W.2d 875, 880 (Mo.App.1975). An offer of proof must demonstrate the relevancy of the testimony offered, must be specific, and must be definite. *State v. Sullivan*, 553 S.W.2d 510, 513 (Mo.App.1977); *State v. Davis*, 515 S.W.2d 773, 775 (Mo.App.1974). In order to present and preserve an offer of proof the questions must be propounded to a witness who is present and has taken the stand. This enables the trial court to rule upon the propriety and admissibility of the evidence, and preserves a record for appellate review. *Sullivan*, 553 S.W.2d at 513.

■ Defendant's offer of proof consisted of the following exchange between counsel and John H. Haggard, defendant's president, on direct examination:

Q: All right. Have you on occasion used Empire Street as a public road?

A: I have myself.
(objection overruled)

\* \* \* \* \* \*

Q: All right. Have you observed other vehicles on that road?

A: I have.

Q: And do you have any personal knowledge as to the volume of traffic on that road?

A: As far as everyday, no, sir.

Q: Okay. Have you been in that area and observed the volume of traffic at any time?

A: I was down in that area yesterday and noticed there was either three or four cars came out of Empire on to River Front Road at that time.

On cross examination the witness testified as follows:

---

1. Section 301.010(9) RSMo 1978 defines "highway" as "any public thoroughfare for vehicles, including state roads, county roads and public streets, avenues, boulevards, parkways or alleys in any municipality." *Id.*

Q: ... You testified as to your activities and knowledge currently. Were you on Empire Street on November 13, 1974?

A: No, sir.

Q: Or prior to that time?

A: I had been on it prior to that, yes, sir.

Q: Okay, but you were not on it at that time and you have no knowledge of the volume of traffic or any other use of that road at that time, do you?

A: No, sir.

The proffered evidence is irrelevant, and insufficient to establish that Empire Street was a public road. The testimony relates to traffic on the road on October 1, 1980, the day before the testimony was offered; the accident occurred on November 13, 1974. The witness admitted he was not on Empire Street on the day in question and that he had no personal knowledge of the volume of traffic or any other use of the road at that time. Plaintiff adduced evidence that Empire Street was privately owned and provided both a means of ingress and egress to several private businesses thereon, and a parking area for the employees of the businesses on Empire Street. Defendant's offer of proof failed to establish the requirements of section 228.190, or that Empire Street was a public road by prescription or common law dedication. The exclusion of the evidence was therefore not an abuse of discretion and the trial court properly ruled as a matter of law that Empire Street was a private road within the meaning of section 304.351.5. *State ex rel. Igoe v. Bradford,* 611 S.W.2d 343, 349–50 (Mo.App.1980).

## II.

Appellant charges the trial court erred in submitting Instruction No. 6 (MAI 14.06)[2] to the jury because it does not reflect the case law limiting the duty to yield the right-of-way of someone entering from a private road to only those vehicles "so close as to constitute an immediate hazard." *See*

**2.** MAI 14.06 reads: "The phrase 'yield the right-of-way' as used in these instructions means a driver entering the roadway from a

*Cope v. Thompson,* 534 S.W.2d 641, 647–49 (Mo.App.1976); *Taylor v. Schneider,* 370 S.W.2d 725, 728–29 (Mo.App.1963).

If a Missouri Approved Instruction is applicable, such instruction must be given to the exclusion of all others. *Brown v. St. Louis Public Service Company,* 421 S.W.2d 255, 257(2) (Mo. banc 1967); *Weltscheff v. Medical Center of Independence, Inc.,* 604 S.W.2d 796, 802 (Mo.App.1980); *Sams v. Green,* 591 S.W.2d 15, 18 (Mo.App.1979); Sup.Ct.R. 70.02(b). Where an instruction includes a term or phrase defined by MAI, it is error not to use the MAI definition. *Fowler v. Laclede Gas Co.,* 488 S.W.2d 934, 937 (Mo.App.1972).

Plaintiff's verdict directing instruction necessarily included the phrase "yield the right-of-way" and he was therefore required to use the appropriate MAI definitions. The trial court properly determined that Empire Street was a private road and that the applicable duty to yield the right-of-way was to be found in section 304.351.5. MAI 14.06 is based on section 304.351.5 and its submission without modification was mandatory. *Fowler,* 488 S.W.2d at 937; Sup.Ct.R. 70.02(c).

The statutory scheme set out in section 304.351 indicates the legislature intended to create different obligations to yield the right-of-way in different situations. Neither section 304.351.5 nor MAI 14.06 contain the "immediate hazard" language found in sections 304.351.1–.4 and .6 and their corresponding MAI instructions. Subsection 5 requires that the driver of a vehicle entering a highway from a private road "yield the right-of-way to all vehicles approaching on the highway to be entered." § 304.351.5 RSMo 1978. The absence of "immediate hazard" language from subsection 5 was clearly intended by the legislature. The holdings in *Cope* and *Taylor* should no longer be followed to the extent that they engraft "immediate hazard" language onto section 304.351.5. In this case the defendant was required to yield the right-of-way to all approaching traffic; ap-

private road is required to yield to another vehicle approaching on the highway."

pellant's suggested modification to MAI 14.-06 was unnecessary.

Accordingly, the judgment is affirmed.

RENDLEN, C.J., GUNN and DONNELLY, JJ., and FINCH and KELSO, Senior Judges, concur.

BLACKMAR, J., concurs in separate opinion filed.

WELLIVER and BILLINGS, JJ., not sitting.

BLACKMAR, Judge, concurring.

I concur in Part I of the principal opinion and substantially concur in Part II.

It should be open to litigants to demonstrate legal error in MAI, but MAI 14.06 is faithful to the legislative command of § 304.351.5, RSMo 1978. It would be error to add words that the legislature did not put there.

*Taylor v. Schneider,* 370 S.W.2d 725 (Mo. App.1963) and *Cope v. Thompson,* 534 S.W.2d 641 (Mo.App.1976), appear to me to be correct on their facts. Neither case dealt with the wording of MAI 14.06. Any volunteered statements in those cases about § 304.351.5 or MAI 14.06 constitute unauthoritative dicta, which of course should not be followed.