Sterling **WALLACE**, Plaintiff/Appellant,

v.

**John L. MAY, Archbishop of St. Louis, on Behalf of the Archdiocese of St. Louis, Defendant/Respondent.**

No. 59296.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 3, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 1992.

Application to Transfer Denied
Feb. 25, 1992.

Marc Steven Wallis, Newman & Bronson, St. Louis, Mo., for plaintiff/appellant.

Gerard Thomas Noce, Brenda Baum, Evans & Dixon, St. Louis, Mo., for defendant/respondent.

CRANE, Judge.

Plaintiff, Sterling Wallace, was awarded $100,000 in a jury verdict against defendant Archbishop of St. Louis as a result of a fall in a church parking lot. The trial court sustained defendant's motion for new trial on the grounds that a withdrawal instruction had been erroneously given. Plaintiff appeals from this ruling. We reverse and remand for reinstatement of the jury verdict.

The only question on appeal involves submission to the jury of a withdrawal instruction, MAI 34.05 [1983][1], which withdrew from the jury's consideration evidence that plaintiff's medical bills had been paid by his insurer. The trial court gave the instruction, but subsequently granted defendant a new trial on the grounds that MAI 34.05 did not apply to medical insurance payments. Plaintiff contends a new trial should not have been granted because submission of MAI 34.05 as part of the damage instruction was proper because the jury had knowledge of the payment of plaintiff's medical bills by plaintiff's insurance company, a collateral source, and under such circumstances MAI 34.05 mandates that upon the request of any party it must be added to the damage instruction.

██ In reviewing the trial court's order granting a new trial on the grounds of instructional error, which involves a question of law, we must examine the record presented to determine whether the challenged instructions were erroneous and, if so, whether such instructions prejudiced

respondent. *Craft v. Scaman*, 715 S.W.2d 531, 533–34 (Mo.App.1986).

Plaintiff tendered and the trial court gave a damage instruction to which MAI 34.05 had been added as follows:

In determining the amount of plaintiff's damages you are not to consider any evidence of prior payment on behalf of plaintiff. The court will consider any such payment and adjust your award as required by law.

MAI 34.05 is an addendum to a damage instruction to be given upon request of any party "[i]f the jury has knowledge, from the evidence or a trial incident, of an advance payment, a partial settlement, or a collateral source payment." MAI 34.05.

The jury had information that plaintiff's medical bills had been paid by insurance. At trial, counsel for defendant told the jury during opening statement, "Now, at the time of this accident the evidence will be Mr. Wallace was a retired government employee. He had no wage loss in this accident and that all the medical bills have been paid."

██ During plaintiff's direct examination, his counsel asked him whether some of the medical bills had been paid by insurance, and plaintiff replied they had. On cross-examination defense counsel asked plaintiff a series of questions concerning insurance coverage of plaintiff's medical expenses. Insurance payments on behalf of an insured fall within the definition of a collateral source payment. *See Iseminger v. Holden*, 544 S.W.2d 550, 552 (Mo. banc 1976); *Kickham v. Carter*, 335 S.W.2d 83, 90 (Mo.1960); *Beck v. Edison Brothers Stores, Inc.*, 657 S.W.2d 326, 331 (Mo.App. 1983). The jury may not consider such payments in determining the amount of a plaintiff's damages. If a jury has knowledge of insurance payments, whether from the evidence or other trial incident, the trial court must give an instruction withdrawing that information or evidence from the jury's consideration. MAI 34.05; *Womack v. Crescent Metal Products Inc.*, 539 S.W.2d 481, 484 (Mo.App.1976).

1. All references to MAI 34.05 in this opinion are to the instruction appearing in the Third Edition, except where the Fourth Edition is specifically noted.

Defendant contends that the language of the last sentence of MAI 34.05 misled the jury. That sentence reads: "The court will consider any such payment and adjust your award as required by law." He argues that the use of the word "as" indicates that the award would in fact be reduced and that plaintiff's counsel's repetition of this portion of the instruction further misled the jury. He also points out that, in the fourth edition, MAI 34.05 [1991] was rewritten so that the word "if" replaces the word "as".[2] We disagree that the use of the word "as" misled the jury into believing that the award would be reduced. That sentence, read in context with the preceding sentence, does not indicate that the award would in fact be reduced, but adjusted only if and to the extent required by law. Moreover, the jury was told to disregard the evidence of prior payment altogether and we must presume the jury followed these instructions. *Farley v. Johnny Londoff Chevrolet, Inc.*, 673 S.W.2d 800, 804 (Mo.App.1984). Where an MAI instruction is applicable, it must be given to the exclusion of all others. *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 206 (Mo. banc 1983); Rule 70.02(b). The challenged instruction was neither erroneous nor prejudicial.

The order of the trial court granting a new trial is reversed and the case is remanded for reinstatement of the jury verdict.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.