**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent,**

v.

**David W. DeCAIGNEY, Appellant.**

**No. WD 50627.**

Missouri Court of Appeals, Western District.

Submitted April 30, 1996.

Decided July 30, 1996.

---

Patrick C. Cena, Kansas City, for appellant.

Robert K. Ball, II, Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

SMART, Judge.

David DeCaigney appeals from a verdict, after jury trial, in favor of State Farm Mutual Automobile Insurance Company ("State

Farm") in this declaratory judgment action. He presents four points in this appeal, claiming that the trial court erred: (1) in refusing his proposed instruction defining the term "live with" because that term was vague and ambiguous; (2) in sustaining an objection during closing argument, thereby prohibiting counsel from arguing that the term "lives with you" was vague or ambiguous; (3) in sustaining a hearsay objection to the proffered testimony of his attorney, David Bony, concerning a statement admissible as a declaration against interest; and (4) in rejecting his damage instructions because he was entitled to have interest on the amount of his pre-trial demand from the date of the demand. The judgment is affirmed.

■ David DeCaigney was injured in a one car collision on April 29, 1986. Mr. DeCaigney was a passenger in the car; the driver, Anna Platte, was killed in the accident. DeCaigney's mother and two of his brothers, Steven and Philip, were insured by State Farm Mutual Automobile Insurance Company ("State Farm"). Their policies provided for uninsured motorist coverage. In Section III of the policy, "Uninsured Motor Vehicle," the policies provide:

**Who Is an Insured**

*Insured*—means the *person* or *persons* covered by uninsured motor vehicle or underinsured motor vehicle coverages.

This is:

1. the first *person* named in the declarations;

2. his or her *spouse;*

3. their *relatives;* . . . .

In the definitions section of the policies the term "relative" is defined:

*Relative*—means a *person* related to *you* or *your spouse* by blood, marriage or adoption who lives with *you.* It includes *your* unmarried and unemancipated child away at school.

(Emphasis in original.) DeCaigney's contention is that he was a relative within the meaning of the policy because he lived with his mother and his two brothers at the time of the incident. State Farm filed the present action pursuant to the Missouri Declaratory Judgment Act to determine the rights, status, obligations and legal relationships between the parties. DeCaigney filed a counterclaim for his injury, for prejudgment interest, and for vexatious refusal to pay the claim.

At the time of the collision, DeCaigney was 26 years of age. Two years earlier, DeCaigney was taken to the Western Missouri Mental Health Center ("Western Missouri"). He was diagnosed as being manic-depressive or paranoid-schizophrenic. He had been living at home, and he was experiencing significant conflict in his relationship with his mother and with the two brothers that lived in the same household. Shortly after his release from Western Missouri, DeCaigney went to live at a boarding house. After about eight months, he went to live with his brother Michael in Sugar Creek. He moved with Michael to Independence. Eventually, DeCaigney moved to the home of his psychiatrist, John Stanley. He was living there at the time of the accident.

The jury found in favor of State Farm. In entering a declaratory judgment, the trial court found that State Farm had properly refused payment to David under the policies because David was not living with his mother and his brothers, Philip and Steven, at the time of the collision.

■ In his first point, DeCaigney contends that the trial court erred in refusing to give the definitional instruction which he requested. The instruction offered by DeCaigney purported to define the term "live." It read:

The term "live" as used in these instructions means to make one's abiding place or home, to dwell, to reside; to make one's residence of domicile; that is that place where a person has his true fixed and permanent home and principal establishment to which, whenever he is absent, he has the intention of returning and it is not lost by a temporary absence therefrom

with no intention to abandon it or acquire another.

■ DeCaigney contends that the term was vague and ambiguous as used in the policy and was required to be construed against State Farm. DeCaigney is correct that language in an insurance contract that is ambiguous is construed against an insurer. *Peters v. Employers Mut. Casualty Co.*, 853 S.W.2d 300, 302 (Mo. banc 1993). If there is duplicity, indistinctness, or uncertainty regarding the meaning of the word or words employed in the contract, then an ambiguity exists. *Id.* However, a word may be vague in one context, and not so vague in another. Appellant attempts to support his contention with long quotations from cases including factual situations different from the case before us. The issue of whether the phrase "lives with" is vague *in the context of this case* is ruled by *American Family Mut. Ins. Co. v. Automobile Club Inter–Insurance Exch.*, 757 S.W.2d 304 (Mo.App.1988). In that case which involved the context of insurance coverage also, we stated:

> The decision to submit a definitional instruction is within the sound discretion of the trial judge. *DeWitt v. American Family Mutual Insurance Co.*, 667 S.W.2d 700, 711 (Mo. banc 1984). The principle is well established that "[w]ords in instructions which have common usage and which are generally understood need not be defined." *Steffens v. Paramount Properties, Inc.*, 667 S.W.2d 725, 727 (Mo.App.1984). The terms "living with" and "living in the same household" are common, well-understood concepts and they need not be defined. Therefore, there was no abuse of discretion in failing to give a definitional instruction of the term.

*Id.* at 307. Because the policy did not define the term, the use of the term in the policy was to be understood by the jury in its common, usual meaning. To have attempted to define the term, when it was not necessary to do so, would have introduced additional confusion. The definition that appellant sought to use in his offered instruction was the definition of "domicile." *See Estate of*

*Potashnick*, 841 S.W.2d 714, 720 (Mo.App. 1992). However, appellant presents no authority for the proposition that the term "live with" in this policy must be interpreted as being synonymous with domicile. It was not error to refuse to define the term "live with." Point I is denied.

■ In Point II, DeCaigney argues that the trial court erred in sustaining an objection during closing argument and thereby prohibiting counsel from arguing that the term "lives with you" was vague or ambiguous. DeCaigney claims that as a matter of law the term "lives with you" as used in the policies was vague and ambiguous and that the rulings made by the trial court were a misstatement of law. We have already noted that this court in *American Family* decided that the term in question did not need to be defined because it was a common, well-understood term. Whether a term of a contract is ambiguous or vague is a question of law, not a matter for jury determination. *Mt. Hawley Ins. Co. v. Azia Contractors, Inc.*, 886 S.W.2d 640, 642 (Mo.App.1994). Appellant has not persuaded us that the term, as used in this insurance policy, is vague or ambiguous. The court did not err in refusing to allow counsel to argue that the term was vague and ambiguous. The jury was allowed to decide for itself the meaning of the language in question. Point II is denied.

■ In Point III, appellant contends that the trial court erred by sustaining a hearsay objection to the proffered testimony of his attorney, David Bony, concerning a statement made by John Mathis, the owner of the allegedly uninsured vehicle, because such statement was a declaration against interest and thus an exception to the hearsay rule. Initially, we note that the trial court has great discretion in the exclusion of evidence. *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983). Review is for abuse of discretion. *Id.* The trial court's ruling will not be disturbed upon appeal unless its ruling, considering the circumstances then confronting the trial court,

is either so arbitrary or unreasonable that it shocks the sense of justice or is indicative of an absence of careful consideration. *Oldaker v. Peters,* 817 S.W.2d 245, 250 (Mo. banc 1991).

Appellant wished to introduce the testimony of one of his attorneys in order to show that the owner of the automobile he was riding in at the time of the accident had no insurance. The trial court refused to permit DeCaigney's attorney, David Bony, to testify about a conversation that he had with the owner of the vehicle that DeCaigney was riding in at the time of the accident. Robert Ball, Bony's co-counsel, presented the following offer at trial:

> MR. BALL: My offer of proof would be that if permitted to testify Mr. Bony would testify, first of all, that he knows the owner of the vehicle involved in the accident, or the one shown on the police report, ... that Mr. Bony talked with Mr. Mathis shortly after his employment by Mr. DeCaigney; Mr. Mathis informed him that the vehicle being driven by Anna Platte, that he owned, didn't have any liability insurance on it.
>
> Mr. Bony also had occasion to represent Mr. John Mathis when he was charged with armed criminal action, to which he pleaded guilty and for which he is now serving a sentence at the state penitentiary in Jefferson City.
>
> Is that correct, Mr. Bony?
>
> MR. BONY: Yes, that's correct.
>
> MR. BALL: Okay. We would, therefore, tender Mr. Bony's statements from Mr. Mathis as a declaration against interest and an exception to the hearsay rule for that reason.
>
> MR. CENA: I object to that offer.
>
> THE COURT: All right. I'll sustain it.

■ The testimony of Mr. Bony was offered on the theory that the statement of Mr. Mathis was admissible under the "declaration against interest" exception to the hearsay rule. A declaration against interest is an exception to the rule prohibiting hearsay testimony. *Olinger v. General Heating & Cooling Co.,* 896 S.W.2d 43, 50 (Mo.App.1994). In order for a statement to be admissible as a declaration against interest it must be established: (1) that the declarant is not available as a witness; (2) that when made, the declaration pertains to a fact that is against the declarant's apparent pecuniary, proprietary or penal interest, (3) that the declaration involves a fact that is personally cognizable to the declarant; and (4) that the circumstances under which the declaration is made must be such as to render it improbable that a motive to falsify exists. *Nettie's Flower Garden, Inc. v. SIS, Inc.,* 869 S.W.2d 226, 230 (Mo.App.1993).

■ Normally, an appellate court will not review evidence excluded by the trial court unless a specific and definite offer of proof had been made at trial. *In Interest of K.M.B.,* 883 S.W.2d 123, 125 (Mo.App.1994). The offer must show three things: what the evidence will be; the purpose and object of the evidence; and each fact essential to establishing the admissibility of the evidence. *Great Am. Acceptance Corp. v. Zwego,* 902 S.W.2d 859, 865 (Mo.App.1995). "When proffered evidence is denied admission, relevancy and materiality must be shown by specific facts sufficient in detail to establish admissibility of the offering party to preserve the matter for appeal." *Anderson v. Wittmeyer,* 895 S.W.2d 595, 601 (Mo.App.1995).

Although narrative offers of proof are occasionally found to be adequate, *School Dist. of City of Independence v. U.S. Gypsum Co.,* 750 S.W.2d 442, 453 (Mo.App.1988), the proper procedure involves putting the witness on the stand and propounding questions. *Dunkin v. Reagon,* 710 S.W.2d 498, 499 (Mo.App. 1986). Such a procedure allows the trial court to fully hear and understand the testimony, so as to be able to rule upon the admissibility of the evidence, and also preserves a record for appellate courts to review. *Karashin,* 653 S.W.2d at 205. "The offer must be more than a mere statement of the conclusions of counsel." *U.S. Gypsum,*

750 S.W.2d at 453–54. The fact that Mr. Bony affirmed the correctness of counsel's narrative does not change it substantially from being a narrative of counsel. But even if we treat the offer of proof as though the proposed testimony were articulated by Mr. Bony, we still must examine the offer to see if the offer was complete. The offer of proof in this case does not establish that the declarant was unavailable. Although counsel stated that John Mathis was serving a sentence at the state penitentiary in Jefferson City, we do not know when Mr. Bony talked with him, or when Mathis would be released, or why Mathis' deposition could not have been taken.

Further, appellant failed to show that the proposed declaration was made under circumstances which would have made a motive to falsify improbable. Mathis reportedly informed Bony that he owned the vehicle being driven by Anna Platte and that he did not have any liability insurance on the vehicle. By making such a statement, Mathis might have thought he was decreasing the likelihood that he would be joined as a defendant in any lawsuit. It is not clear how, at the time the declaration was made, it was shown to be against Mathis' pecuniary, proprietary or penal interest. Appellant failed to show that the statement was admissible under the declaration against interest exception to the hearsay rule.

Another problem with the offer arises out of Rule 3.7 of the Rules of Professional Conduct, which states:

(a) a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work a substantial hardship on the client.

Even apart from the fact that the testimony was objectionable as hearsay, plaintiff's request was contrary to Rule 3.7 in that Mr. Bony, who had already taken an active part in the trial as attorney for plaintiff, would be in the position of vouching for his own credibility to the jury. For all the foregoing reasons, we find no abuse of discretion in refusing to allow the testimony.

In Point IV, DeCaigney argues that the trial court erred in rejecting tendered Instruction B and Verdict C because he was claiming damages in excess of his pretrial demand and he was entitled to have prejudgment interest on the amount from the date of the demand. Of course, this issue is moot because the jury decided the liability issue in favor of State Farm. Moreover, we would expect the interest calculation on a pre-trial demand to be conducted by the trial court after the jury verdict. *See Brown v. Donham*, 900 S.W.2d 630, 632 (Mo. banc 1995). We are aware of nothing which would prohibit a claimant from filing a post-verdict motion for prejudgment interest. Consequently, the court did not err in denying the instruction. Point IV is denied.

The judgment of the trial court is affirmed.

All concur.